Lynn Lincoln Sarko (*admitted pro hac vice*)
  lsarko@kellerrohrback.com
Derek W. Loeser (*admitted pro hac vice*)
  dloeser@kellerrohrback.com
Margaret E. Wetherald (*admitted pro hac vice*)
  mwetherald@kellerrohrback.com
Sarah H. Kimberly (*admitted pro hac vice*)
  skimberly@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  (206) 623-1900 · Facsimile: (206) 623-3384

***Counsel for Plaintiff Vincent Alvidres and the Certified Class***
***\*Additional Counsel on Signature Page***

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| VINCENT ALVIDRES, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:07-CV-05810-JFW (CTx) |
| Plaintiff, | **STIPULATION AND AGREEMENT OF SETTLEMENT – ERISA ACTION** |
| v. | |
| COUNTRYWIDE FINANCIAL CORPORATION, et. al., | Judge:      **HON. JOHN F. WALTER** |
| Defendants. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT – ERISA ACTION

This Stipulation and Agreement of Settlement – ERISA Action (the "*Stipulation*") is submitted in the above-captioned *Vincent Alvidres v. Countrywide Financial Corporation, et. al.,* Case No. 2:07-cv-05810-JFW-(CTx) (hereinafter, the "*ERISA Action*"), pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the United States District Court for the Central District of California (the "*Court*"), this *Stipulation* is entered into among named plaintiff Vincent Alvidres ("*Named Plaintiff*") on behalf of himself and the *Class* (as defined in Paragraph 1.4)*,* on the one hand, and Countrywide Financial Corporation ("*Countrywide*") and the *Individual Defendants* (collectively, with *Countrywide*, "*Defendants*"), on the other hand.

WHEREAS:

A.     On September 6, 2007, the *ERISA Action* was filed in the *Court* against *Countrywide* and one or more of the *Individual Defendants* alleging violations of the Employee Retirement Income Security Act  of 1974 ("ERISA").

B.     By and through Keller Rohrback L.L.P. and Braun Law Group, P.C. ("*Class Counsel*"), *Named Plaintiff* filed the Corrected Second Amended Complaint for Breaches of the Employee Retirement Income Security Act, on January 8, 2008 (the "*Complaint*").  The *Complaint* asserts claims under, without limitation, Sections 404(a)(1)(A), 404(a)(1)(B), 405(a)(1), 405(a)(2), 405(a)(3), 409, 502(a)(2), and 502(a)(3) of ERISA, including without limitation claims for breaches of the fiduciary duties of prudence and loyalty, failure to monitor and co-fiduciary liability, on behalf of *Named Plaintiff* and the *Class.* The *Court* has certified the *ERISA Action* as a class action pursuant to Fed. R. Civ. P. 23(b)(1).

C.     *Defendants* deny any wrongdoing whatsoever, and this *Stipulation* shall in no event be construed or deemed to be evidence of or an admission or concession, on the part of any *Defendant* with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that any of the

1

1  *Defendants* have asserted or could have asserted.

2       D.     The parties to this *Stipulation* recognize that the *ERISA Action* has been

3  filed by the *Named Plaintiff* and defended by the *Defendants* in good faith, that the

4  *ERISA Action* is being voluntarily settled in an effort to avoid the further cost,

5  burden, and uncertainty of continued litigation.  This settlement is entered into upon

6  advice of counsel.  The parties believe that the terms of the *Settlement* are fair,

7  reasonable and adequate.  This *Stipulation* shall not be construed or deemed to be a

8  concession by *Named Plaintiff* or any *Class Member* of any infirmity in the claims

9  asserted in the *ERISA Action* or any other action, or deemed to be evidence of any

10  such infirmity.

11       E.     *Class Counsel* have conducted investigations relating to the claims and

12  the underlying events and transactions alleged in the *ERISA Action*.  *Class Counsel*

13  have analyzed the evidence adduced in connection with the *ERISA Action,* including

14  during confirmatory discovery, and have researched the applicable law with respect

15  to the claims of the *Named Plaintiff* and the *Class* against the *Defendants,* and the

16  potential defenses thereto.

17       F.     Through their counsel and with the assistance of an experienced

18  mediator, *Named Plaintiff* and *Defendants* engaged in extensive arm's-length

19  negotiation of a settlement of the *ERISA Action*.  This negotiation resulted in the

20  execution of a Settlement Term Sheet on April 22, 2009 (the "*Term Sheet*"), which

21  set forth the principal terms of the settlement of the *ERISA Action.*

22       G.     Based upon their investigation as well as informal, formal and

23  confirmatory discovery, *Named Plaintiff* and *Class Counsel* have concluded that the

24  terms and conditions of this *Stipulation,* which include the terms contained in the

25  *Term Sheet* together with supplementary terms and conditions set forth herein, are

26  fair, reasonable and adequate to *Named Plaintiff* and the *Class*, and are in their best

27  interests, and *Named Plaintiff* has agreed to settle the claims raised in the *ERISA*

28  *Action* pursuant to the terms and provisions of this *Stipulation*, after considering (a)

the substantial benefits that the members of the *Class* will receive from settlement of the *ERISA Action*, (b) the attendant risks of litigation, and (c) the desirability of permitting the *Settlement* to be consummated as provided by the terms of this *Stipulation*.

NOW THEREFORE, without any admission or concession on the part of *Named Plaintiff* of any lack of merit of the *ERISA Action* whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by *Defendants*, it is hereby STIPULATED AND AGREED, by and between the parties to this *Stipulation*, through their respective counsel, subject to approval of the *Court* pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the *Settlement* herein set forth, that all *Settled Claims* (as defined herein), as against the *Released Parties* (as defined herein), and all *Settled Defendants' Claims* (as defined herein) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

1.    **DEFINITIONS**

As used in this *Stipulation,* italicized and capitalized terms and phrases not otherwise defined herein have the meanings provided below:

1.1    "*Agreement Execution Date*" means the date on which this *Stipulation* is fully executed, as provided in Paragraph 12.20 below.

1.2    "*Alternative Judgment*" has the meaning set forth in Paragraph 8.1.3.

1.3    "*Claim*" has the meaning set forth in Paragraph 1.41.

1.4    "*Class*" means (a) all *Persons* who are or were *Participants* in, beneficiaries of, or alternate payees of, the *Plan* for whose individual *Plan* accounts included direct or indirect investments in *Countrywide* stock and/or the *Countrywide Stock Fund*, which invested in *Countrywide* stock, at any time between January 31, 2006 and July 1, 2008, inclusive, and (b) as to each *Person* within the scope of clause (a), his, her, or its beneficiaries (including spouses of deceased persons who

1    were *Plan Participants*), *Representatives* and *Successors*, provided, however, that

2    the *Class* shall not include any *Individual Defendant* or *Individual Defendants'*

3    *Immediate Family*, beneficiaries (including spouses of deceased persons who were

4    *Plan Participants*), *Representatives* or *Successors*, except for spouses and

5    *Immediate Family* who themselves are or were *Participants* in the *Plan*, who shall

6    be considered members of the *Class* with respect to their own *Plan* accounts.

7         1.5    "*Class Member*" means a member of the *Class*.

8         1.6    "*Class Period*" means, for the purposes of this *Settlement* only, the

9    period of time between January 31, 2006 through July 1, 2008, inclusive.

10        1.7    "*Class Counsel*" means Keller Rohrback L.L.P. and Braun Law Group,

11   P.C.

12        1.8    "*Complaint*" means the Corrected Second Amended Complaint for

13   Breaches of the Employee Retirement Income Security Act, filed January 8, 2008.

14        1.9    "*Countrywide Stock Fund*" means the investment option available under

15   the *Plan* that invested primarily in *Countrywide* stock.

16        1.10    "*Court*" means the United States District Court for the Central District

17   of California.

18        1.11   "*Custodian*" means (a) an individual, designated in writing by *Class*

19   *Counsel*, who executes an undertaking to be bound by the provisions of this

20   *Stipulation* pertaining to the duties of the *Custodian*, or (b) a federally-insured

21   financial institution proposed by *Class Counsel* and acceptable to *Defendants'*

22   *Counsel*.  *Class Counsel* may change its designation at any time (and shall do so in

23   the event the designee ceases to be a member of, partner in, or employee of, said

24   *Counsel*) by executing a written instrument reflecting such change and delivering

25   notice of such change to *Defendants' Counsel*.

26        1.12   "*Defendants*" means *Countrywide* and the *Individual Defendants* .

27        1.13   "*Defendants' Counsel*" means Goodwin Procter LLP and *Individual*

28   *Defendants' Counsel*.

4

1.14 "*De Minimis Amount*" shall mean an individual class member settlement allocation of ten (10) dollars or less.

1.15 "*Derivative Actions*" means *In re Countrywide Financial Corp. Derivative Litigation,* Lead Case No. CV-07-06923-MRP (C.D. Cal.) (consolidated) and *In re Countrywide Financial Corp. Shareholder Derivative Litigation*, Lead Case No. BC 375275 (Cal. Super. Ct.) (consolidated).

1.16 "*Effective Date*" means  the date, established pursuant to Paragraph 8.1, on which all of the conditions to settlement set forth in Paragraph 8.1 of this *Stipulation* have been fully satisfied or waived.

1.17 "*Fairness Hearing*" means the hearing to be held by the *Court* to determine, among other things, whether to grant final approval to the *Settlement*, as contemplated by the form of *Order for Notice and Hearing* attached hereto as Exhibit A.

1.18 "*Final*" or "*Finality,*" with respect to any *Judgment* or *Alternative Judgment* (both as defined herein) or any other order or judgment of a court of competent jurisdiction, means:  (a) if no appeal is filed, the expiration date of the time provided by the corresponding rules of the applicable court or legislation for filing or noticing of any appeal therefrom; or (b) if there is an appeal therefrom, the date of (i) final dismissal of such appeal, or the final dismissal of any proceeding on certiorari or otherwise to review the *Judgment, Alternative Judgment*, judgment or order; or (ii) the date of final affirmance on an appeal thereof, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review thereof, and, if certiorari or other form of review is granted, the date of final affirmance thereof following review pursuant to that grant.  Any proceeding or order, or any appeal or petition for a writ of certiorari or other form of review pertaining solely to (i) any application for attorneys' fees, costs or expenses, and/or (ii) the *Plan of Allocation*, shall not in any way delay or preclude the *Judgment* or *Alternative Judgment* from becoming *Final*.

1.19   "*Gross Settlement Fund*" shall have the meaning set forth in Paragraph 3.1.

1.20   "*Immediate Family*" means parents, grandparents, children, and grandchildren.

1.21   "*Independent Fiduciary*" means a *Person* who may, at the election of *Countrywide* (and *Countrywide* has so elected), be appointed by the appropriate named fiduciary of the *Plan* or designated by an amendment to the applicable governing *Plan* document to consider whether to approve and authorize in writing the *Settlement* in accordance with Department of Labor Prohibited Transaction Class Exemption 2003-39.  The *Independent Fiduciary's* fees and expenses (including the cost of counsel and other advisors) shall be paid by *Countrywide*.

1.22   "*Individual Defendants*" means Becky Bailey, Kathleen Brown, Henry G. Cisneros, Grant Crouch Jr., Jeffrey M. Cunningham, Robert J. Donato, Michael E. Dougherty, Ben M. Enis, Marshall M. Gates, Leora Goren, Lawrence Gee, Edwin Heller, Ranjit Kripilani, Nicholas Krsnich, Stanford L. Kurland, Martin R. Melone, Angelo R. Mozilo, Robert T. Parry, Chuck Quon, Jr., Oscar P. Robertson, Keith P. Russell, Thomas Saletta, Jennifer Sandefur, Thomas Scrivener, Jeffrey Speakes, and Harley W. Snyder.

1.23   "*Individual Defendants' Counsel*" means the law firms Skadden, Arps, Slate, Meagher & Flom LLP (Counsel for Michael E. Dougherty and Kathleen Brown), Irell & Manella LLP (Counsel for Angelo R. Mozilo), Caldwell, Leslie & Proctor, PC (Counsel for Stanford L. Kurland), Paul, Hastings, Janofsky & Walter LLP (Counsel for Becky Bailey, Grant Couch, Jr., Marshall M. Gates, Lawrence Gee, Ranjit Kripilani, Chuck Quon, Jr., Jennifer S. Sandefur, and Jeffrey Speakes), Morrison & Foerster LLP (Counsel for Henry G. Cisneros, Jeffrey M. Cunningham, Robert J. Donato, Ben M. Enis, Edwin Heller, Martin R. Melone, Robert T. Parry, Oscar P. Robertson, Keith P. Russell, and Harley W. Snyder), Shearman & Sterling

(Counsel for Nicholas Krsnich), Seyfarth Shaw LLP (Counsel for Leora Goren), and Goodwin Procter LLP (Counsel for Thomas Saletta and Thomas Scrivener).

1.24   "*Judgment*" shall mean the Judgment contemplated by Paragraph 7.1. A proposed form of the *Judgment* is attached hereto as Exhibit B.

1.25   "*Named Plaintiff*" means Vincent Alvidres.

1.26   "*Net Settlement Fund*" has the meaning defined in Paragraph 3.3 hereof.

1.27   "*Notice*" means the "Notice of Proposed Settlement With Defendants, Motions for Attorneys' Fees and Reimbursement of Expenses and Fairness Hearing," which is to be sent to members of the *Class* substantially in the form attached hereto as Exhibit 1 to Exhibit A.

1.28   "*Order for Notice and Hearing*" means the order preliminarily approving the *Settlement* and directing notice thereof to the *Class* substantially in the form attached hereto as Exhibit A.

1.29   "*Participant*" shall mean any individual who was a "participant," as the term "participant" is defined in Section 3(7) of ERISA, in the *Plan* at any time during the *Class Period*.

1.30   "*Parties*" means the *Named Plaintiff*, the *Class*, and the *Defendants*.

1.31   "*Person*" means an individual, partnership, corporation, governmental entity or any other form of entity or organization.

1.32   "*Plaintiffs*" means *Named Plaintiff* and each *Class Member*.

1.33   "*Plan*" means the Countrywide Financial Corporation 401(k) Savings and Investment Plan, as amended and restated effective December 20, 2007, and any subsequent amendments, together with its *Predecessors* and *Successors*, and any trust created under such plan (including, without limitation, any trust created under any *Successor*).

1.34   "*Plan of Allocation*" means a plan of allocation of the *Net Settlement Fund* as proposed by *Class Counsel* as discussed further in paragraph 3.4 below and as attached as Exhibit C and as approved by the *Court*.

7

1.35  *"Plan of Allocation Implementation Expenses"* means all expenses of implementing the *Plan of Allocation*, including the costs of gathering required data, performing required calculations and establishment of accounts in the *Plan* to receive allocations made with respect to former participants.  *Plan of Allocation Implementation Expenses* will be paid by (or reimbursed from) the *Gross Settlement Fund* to the extent of the first $400,000 thereof, with any excess above such amount paid promptly by *Countrywide*.

1.36  *"Predecessor"* means as to any *Person* (the "Subject Person"), another *Person* as to whom the Subject Person is a *Successor*.

1.37  *"Publication Notice"* means the summary notice of proposed *Settlement* and hearing for publication substantially in the form attached as Exhibit 2 to Exhibit A.

1.38  *"Released Parties"* means (a) any and all of the *Defendants*, every *Person* who, at any time during the *Class Period*, was a director, officer, employee or agent of *Countrywide* or a trustee or fiduciary of any of the *Plan*, and Bank of America Corporation, together with, for each of the foregoing, any present and former *Representatives*, insurers, co-insurers, re-insurers, consultants, administrators, employee benefit plans, investment advisors, investment bankers, underwriters, and spouses; and (b) with respect to each of the *Persons* (including *Defendants*) in subsection (a), their respective *Successors*, *Predecessors*, corporate parents, subsidiaries, affiliates, and anyone acting or purporting to act for or on behalf of them or their *Successors*.

1.39  *"Representatives"* means attorneys, agents, directors, officers, and employees.

1.40  *"Securities Actions"* means *In re Countrywide Financial Corp. Securities Litigation*,  No 07-5295 (C.D. Cal.) (consolidated) and any other action pending in federal or state court and asserting state or federal securities claims against *Countrywide* or its officers and directors.

1.41  "*Settled Claims*" means any and all claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature (collectively, "*Claims*"), including both known *Claims* and *Unknown Claims* (as defined herein), against any of the *Released Parties* (i) asserted or that could have been asserted in the *ERISA Action*, (ii) that would have been barred by *res judicata* had the *ERISA Action* been fully litigated to a final judgment, or (iii) that relate to any investment in *Countrywide* stock or the *Countrywide Stock Fund* in the *Plan* or by any *Plan Participant* through the *Plan*.  Notwithstanding the foregoing, "*Settled Claims*" does not include any claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and *Unknown Claims* (as defined herein), against any of the *Released Parties* related to the enforcement of the *Settlement*, claims asserted in the *Securities Actions* or *Derivative Actions* to the extent such claims were not brought under or pursuant to ERISA*,* claims for individual or vested welfare benefits under ERISA Section 502(a)(1)(B) unrelated to *Plan* investments or investment options, claims involving Bank of America stock, or claims involving any ERISA plan other than the *Plan*.

1.42   "*Settled Defendants' Claims*" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and *Unknown Claims*, that have been or could have been asserted in the *ERISA Action* or any forum by the *Defendants* or any of them or the *Successors* of any of them against the *Named Plaintiff*, any *Class Member* or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the *ERISA Action*.  Settled Defendants' Claims does not include (a) all claims, rights or causes of action or liabilities whatsoever related to the enforcement of the *Settlement*, including, without limitation, any of the terms of this *Stipulation* or orders or judgments issued by the courts in connection with the *Settlement* or confidentiality obligations; or (b) any defense of any *Defendant* in any action or proceeding other than the *ERISA Action* in which that *Defendant* is a named defendant or respondent.

1.43   "*Settlement*" means the settlement of the *ERISA Action* contemplated by this *Stipulation*.

1.44   "*Settlement Amount*" means $55 million ($55,000,000) which *Countrywide* shall cause its fiduciary liability insurance carriers to pay into the *Settlement Fund*, subject to the terms and requirements of this *Stipulation*.

1.45  "*Stipulation*" means this Stipulation and Agreement of Settlement – ERISA Action.

1.46  "*Successor*" means a *Person's* estate, legal representatives, heirs, executors, administrators, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

1.47  "*Taxes*" means (i) any and all applicable taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, (A) with respect to the income or gains earned by or in respect of the *Gross Settlement Fund*, including, without limitation, any taxes that may be imposed upon *Defendants* or their counsel with

respect to any income or gains earned by or in respect of the *Gross Settlement Fund* for any period during which it does not qualify as a Qualified Settlement Fund for federal or state income tax purposes; or (B) by way of withholding as required by applicable law on any distribution by the *Custodian* of any portion of the *Gross Settlement Fund* to any *Persons* entitled thereto pursuant to this *Stipulation*; and (ii) any and all expenses, liabilities and costs incurred in connection with the taxation of the *Gross Settlement Fund* (including without limitation, expenses of tax attorneys and accountants).  For the purposes of clause (i)(A) of this paragraph, taxes imposed on *Defendants* shall include amounts equivalent to taxes that would be payable by *Defendants* but for the existence of relief from taxes by virtue of loss carryforwards or other tax attributes, determined by *Defendants*, acting reasonably, and accepted by the *Custodian*, acting reasonably.

     1.48   "*Unknown Claims*" means any and all *Settled Claims* which the *Named Plaintiff* or *Class Members* do not know or suspect to exist in his, her or its favor as of the *Effective Date* and any *Settled Defendants' Claims* which any *Defendant* does not know or suspect to exist in his, her or its favor as of the *Effective Date*, which if known by him, her or it might have affected his, her or its decision(s) with respect to the *Settlement*.  With respect to any and all *Settled Claims* and *Settled Defendants' Claims*, the *Parties* stipulate and agree that upon the *Effective Date*, the *Named Plaintiff* and the *Defendants* shall expressly waive, and each *Class Member* shall be deemed to have waived, and by operation of the *Judgment* shall have expressly waived, any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code or by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.  Section 1542 of the California Civil Code provides, in relevant part:

       A general release does not extend to claims which the creditor does not know or suspect to exist in his or her

11

1    favor at the time of executing the release, which if known

2    by him or her must have materially affected his or her

3    settlement with the debtor.

4    *Named Plaintiff* and *Defendants* acknowledge, and *Class Members* by operation of

5    law shall be deemed to have acknowledged, that the inclusion of "*Unknown Claims*"

6    in the definition of *Settled Claims* and *Settled Defendants' Claims* was separately

7    bargained for and was a key element of the Settlement.

8    2.      **SCOPE AND EFFECT OF SETTLEMENT**

9          2.1    The obligations incurred pursuant to this *Stipulation* shall be in full and

10   final disposition of the *ERISA Action* as part of the *Settlement* and any and all

11   *Settled Claims* as against all *Released Parties* and any and all *Settled Defendants'*

12   *Claims*.

13         2.2    Upon the *Effective Date* of the *Settlement*, *Named Plaintiff* and all *Class*

14   *Members* on behalf of themselves, their personal representatives, spouses, trustees,

15   and *Successors*, with respect to each and every *Settled Claim*, release and forever

16   discharge, and are forever enjoined from prosecuting, any *Settled Claim* against any

17   of the *Released Parties*, and shall not institute, continue, maintain or assert, either

18   directly or indirectly, whether in the United States or elsewhere, on their own behalf

19   or on behalf of any class or any other *Person* or the *Plan*, any action, suit, cause of

20   action, claim or demand against any *Released Party* or any other *Person* who may

21   claim any form of contribution or indemnity from any *Released Party* in respect of

22   any *Settled Claim* or any matter related thereto, at any time on or after the *Effective*

23   *Date*.  With respect to the injunction provided for in this Paragraph 2.2, no *Released*

24   *Party* shall seek any remedy for violation thereof by any *Class Member* other than a

25   *Named Plaintiff* until at least thirty (30) days after providing such *Class Member*

26   with written notice of such injunction and demand to desist from any conduct in

27   violation thereof.

28

2.3    Upon the *Effective Date* of the *Settlement*, *Countrywide* and each *Individual Defendant*, on behalf of each of them and of their respective *Predecessors* and *Successors*, releases and forever discharges each and every one of the *Settled Defendants' Claims* against *Named Plaintiff*, all *Class Members, and Class Counsel.*

2.4    The *Settlement* shall not bar, waive, or release any claims asserted in any *Securities Actions*, *Derivative Actions*, or other related actions pending against *Countrywide*; provided, however, that the question of the extent, if any, to which any payment made pursuant to the *Plan of Allocation* may constitute an offset or credit against, or a reduction in the gross amount of, any claim asserted in any *Securities Actions*, *Derivative Actions*, or any other related action relating to *Countrywide* is to be determined in such other action, and the *Parties* reserve all rights with respect to the position they may take on that question in those actions.

3.    **SETTLEMENT CONSIDERATION**

3.1    In consideration for the release and discharge provided for in Paragraph 2.2 hereof, on or before the fifteenth (15th) business day following the date that *Countrywide*'s fiduciary liability insurance carriers have received a copy of the executed *Stipulation* and payment instructions, *Countrywide* shall cause its fiduciary liability insurance carriers to deliver by wire transfer the *Settlement Amount* into an interest-bearing escrow account established by *Class Counsel* (the "*Settlement Fund*").  The *Settlement Fund*, together with all interest earned, shall constitute the *Gross Settlement Fund.*

3.2    The *Settlement Amount* shall be the full and sole monetary contribution made by or on behalf of the *Defendants* in connection with the *Settlement* effected between the *Plaintiff*s and the *Defendants* under this *Stipulation*.  The *Settlement Amount* specifically covers any claims for costs and attorneys' fees by the *Plaintiff*s, on their behalf or on behalf of the *Class*, as well as all costs or expenses of the *Notice* and *Publication Notice*, except as otherwise provided in this *Stipulation*.

Except as otherwise specified in this *Stipulation*, the *Parties* shall bear their own costs and expenses (including attorneys' fees) in connection with effectuating the *Settlement* and securing all necessary *Court* orders and approvals with respect to the same.

3.3   The *Gross Settlement Fund* shall be used to pay (i) the costs of *Notice, Publication Notice*, and administration costs referred to in and subject to Paragraph 4.2 hereof; and (ii) the attorneys' fee and expense award referred to in Paragraph 5.1 hereof, and the *Named Plaintiff* case contribution award, if any, referred to in Paragraph 5.1 hereof.  The balance of the *Gross Settlement Fund* (inclusive of interest earned) after the matters described in clauses (i) and (ii) of this Paragraph, and after the payment of any *Taxes* (as defined herein) shall be the *Net Settlement Fund*.

3.4   At a time following the *Effective Date*, the *Net Settlement Fund* shall be transferred by the *Custodian* to the *Plan*, subject to a plan of allocation (the "*Plan of Allocation*") to be proposed by *Class Counsel* and approved by the *Court*.  The *Plan of Allocation* that *Class Counsel* proposes and that is approved by the *Court* shall provide for the calculation, allocation, and distribution of the *Net Settlement Fund* and shall be in substantial conformity to the one attached hereto as Exhibit C.  If revisions to the *Plan of Allocation* are necessary, *Class Counsel* shall be responsible for presenting the revised *Plan of Allocation* to the *Court*.  The *Plan of Allocation* is a matter separate and apart from the *Settlement* between the *Parties,* and no decision by the *Court* concerning the *Plan of Allocation* shall affect the validity of this *Stipulation* or finality of the *Settlement* in any manner.  Nothing herein shall constitute approval or disapproval of the *Plan of Allocation* by the *Released Parties*. *Defendants* reserve their rights to challenge any *Plan of Allocation* submitted to the *Court* if it is not in substantial conformity to Exhibit C hereto.  *Defendants* will in good faith, however, at the request of *Class Counsel* and without charge, consult with and provide *Class Counsel* with information related to any *Plan of Allocation*

14

being considered by *Class Counsel*.  The *Plan* shall implement the *Plan of Allocation* and distribute the *Net Settlement Fund* accordingly.  All funds held by the *Custodian* shall be deemed to be in the custody of the *Court* held exclusively for the purposes described in Paragraphs 3.3,  3.4 and 3.5 of this *Stipulation* until such time as the funds shall be distributed to the *Plan* or otherwise disbursed pursuant to this *Stipulation* and/or further order of the *Court*.  The *Custodian* shall invest any funds in excess of $250,000, or the then-current FDIC insured limit if lower, in U.S. Treasury securities, securities issued by U.S. Agencies that carry the full faith and credit of the U.S. Treasury, deposits and certificates of deposits insured by the FDIC up to the current FDIC limit, and short term debt fully guaranteed by the FDIC under the Temporary Liquidity Guarantee Program and thus carrying the full faith and credit of the U.S. Treasury, and shall collect and reinvest in the *Settlement Fund* all earnings accrued thereon.  Any funds held by the *Custodian* in an amount of less than $250,000 (or the lower FDIC limit, if applicable) may be held in a bank account or Certificates of Deposit insured by the FDIC, or may be invested as funds in excess of $250,000 are invested.  The parties hereto agree that the *Gross Settlement Fund* is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1, and that the *Custodian* as administrator of the *Gross Settlement Fund* within the meaning of Treasury Regulation § I.468B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the *Gross Settlement Fund* and paying from the *Gross Settlement Fund* any *Taxes* owed with respect to the *Gross Settlement Fund*.  The parties hereto agree that the *Gross Settlement Fund* shall be treated as a Qualified Settlement Fund from the earliest date possible, and agree to any relation-back election required to treat the *Gross Settlement Fund* as a Qualified Settlement Fund from the earliest date possible.  *Countrywide* agrees to provide promptly to the *Custodian* the statement described in Treasury Regulation § I.468B-3(e).

3.5    All *Taxes* (as defined herein) shall be paid out of the *Gross Settlement Fund*, shall be considered to be a cost of administration of the *Settlement* and shall be timely paid by the *Custodian* without prior order of the *Court*.  The *Custodian* shall, to the extent required by law, be obligated to withhold from any distributions to any *Person* entitled thereto pursuant to this *Stipulation* any funds necessary to pay *Taxes* including the establishment of adequate reserves for *Taxes* as well as any amount that may be required to be withheld under Treasury Reg. § 1.468B-(1)(2) or otherwise under applicable law in respect of such distributions.  *Class Counsel* shall provide to *Defendants' Counsel* copies of all tax returns filed with respect to the *Gross Settlement Fund* promptly upon the filing thereof, and evidence of the payment of *Taxes* as and when all such payments are made.  Further, the *Gross Settlement Fund* shall hold harmless the *Defendants* and their counsel for *Taxes* (including, without limitation, taxes payable by reason of any such indemnification payments).

3.6    None of the *Defendants*, the *Released Parties*, or their respective counsel shall have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of *Class Counsel* or the *Custodian*, or any of their respective designees or agents, in connection with the administration of the *Settlement* or otherwise; (ii) the management, investment or distribution of the *Gross Settlement Fund*; (iii) the formulation, design or terms of the *Plan of Allocation*; (iv) the determination, administration, calculation or payment of any claims asserted against the *Gross Settlement Fund*; (v) any losses suffered by, or fluctuations in the value of, the *Gross Settlement Fund*; or (vi) the payment or withholding of any *Taxes*, expenses and/or costs incurred in connection with the taxation of the *Gross Settlement Fund* or the filing of any returns.  Neither *Named Plaintiff* nor *Class Counsel* shall have any responsibility for the implementation of the *Plan of Allocation,* such responsibility shall be borne exclusively by the *Plan*

following its receipt of the *Net Settlement Fund,* and *Final Approval* of the *Settlement*.

**4.      ADMINISTRATION**

4.1    The *Custodian*, acting solely in its capacity as *Custodian*, shall be subject to the jurisdiction of the *Court*.

4.2    Following entry of the *Order for Notice and Hearing,* the *Custodian* may pay from the *Gross Settlement Fund*, without further approval from the *Court* or *Defendants*, (a) all reasonable costs and expenses up to the amount of $250,000 associated with identifying and notifying the *Class Members* of the *Settlement* and effecting mailing of the *Notice* and publication of the *Publication Notice* as ordered by the *Court* ("*Costs of Notice*"), and (b) *Taxes*.  *Costs of Notice* will be paid by (or reimbursed from) the *Gross Settlement Fund* to the extent of the first $250,000 thereof, with any costs and expenses reasonably incurred in excess above such amount paid promptly by *Countrywide*; provided, however, that no *Individual Defendant* shall be liable for any such excess amount.  In the event that the *Settlement* is terminated as provided for herein, the amounts expended pursuant to this Paragraph 4.2 shall not be returned to the *Persons* who paid the *Settlement Amount*.

4.3    *Countrywide* shall cooperate with the *Custodian*  to accomplish the *Notice* in accordance with the *Order for Notice and Hearing,* including by providing the *Custodian* with *Participant* addresses, and contact information in electronic spreadsheet format.  The *Parties* acknowledge that any information provided by *Countrywide* to the *Custodian* shall be treated as confidential pursuant to the Stipulation for Protection of Confidential Materials between *Countrywide* and the *Plaintiffs*, provided that the *Parties* expressly acknowledge that the information may be used solely to deliver the *Notice* and/or implement the *Settlement*, including the *Plan of Allocation*.  *Plaintiffs* will share with *Countrywide* any information they

gather about *Persons* to whom the *Notice* is to be sent, whether developed from the information provided by *Countrywide* as discussed in this Section or otherwise.

4.4    The *Custodian* may rely upon any notice, certificate, instrument, request, paper or other document reasonably believed by it to be genuine and to have been made, sent or signed by an authorized signatory in accordance with this *Stipulation*, and shall not be liable for (and will be indemnified from the *Gross Settlement Fund* and held harmless from and against) any and all claims, actions, damages, costs (including reasonable attorneys' fees) and expenses claimed against or incurred by the *Custodian* for any action taken or omitted by it, consistent with the terms hereof concerning the *Gross Settlement Amount*, in connection with the performance by it of its duties pursuant to the provisions of this *Stipulation* or order of the courts, except for its gross negligence or willful misconduct.  If the *Custodian* is uncertain as to its duties hereunder, the *Custodian* may request that *Named Plaintiff* (and, prior to the *Effective Date*, *Countrywide*) sign a document which states the action or non-action to be taken by the *Custodian*.  In the event the *Settlement* is terminated, as provided for herein, indemnified amounts and expenses incurred by the *Custodian* in connection with this paragraph shall not be returned to the *Persons* who paid the *Settlement Amount*.  In the event that *Class Counsel* determine that it is necessary to consult with the *Independent Fiduciary* to respond to any inquiry by the *Custodian* with regard to the administration of the *Settlement* or *Notice* of the *Settlement*, the reasonable cost of such consultation shall be paid from the *Gross Settlement Fund.*

4.5    *Plan of Allocation Implementation Expenses* shall be borne as described in Paragraph 1.35.

**5.    ATTORNEYS' FEES AND EXPENSES**

5.1    *Class Counsel* will apply to the *Court* for an award of attorneys' fees not to exceed 30% of the *Gross Settlement Fund*, and reimbursement of expenses payable from the *Gross Settlement Fund*, and shall further provide to the *Court*, as

18

part of the motion for approval of the *Settlement*, all necessary information required by the *Court* concerning the total award of attorneys' fees and reimbursement of expenses to be payable from the *Gross Settlement Fund*. Such application shall be made prior to the deadline for objections to the *Settlement* and in accordance with such schedule as the *Court* may establish. *Class Counsel* may also apply to the *Court* for a case contribution award to *Named Plaintiff* in an amount not to exceed $10,000, which, if awarded, shall be payable solely from the *Gross Settlement Fund*. *Defendants* will take no position with respect to any such applications for attorneys' fees or expenses, or *Named Plaintiff's* case contribution award. Such amounts as are awarded by the *Court* to *Class Counsel* from the *Gross Settlement Fund* shall be payable by the *Custodian* immediately upon entry of an order by the Court awarding such payment, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the *Settlement* or any part thereof, subject to *Class Counsel's* obligations to make appropriate refunds or repayments to the *Gross Settlement Fund* plus accrued interest at the same rate as is earned by the *Gross Settlement Fund*, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed or for whatever reason the *Settlement* is terminated pursuant to Paragraphs 8.2, 8.3, or 8.4 hereof. *Defendants* shall have no obligations whatsoever with respect to any attorneys' fees or expenses incurred by *Class Counsel*, which shall be payable solely from the *Gross Settlement Fund*, or for any case contribution award, which also shall be payable solely from the *Gross Settlement Fund*.

**6.      TERMS OF ORDER FOR NOTICE AND HEARING**

        6.1      Promptly after this *Stipulation* has been fully executed, *Class Counsel* shall apply to the *Court* for entry of the *Order for Notice and Hearing*, substantially in the form annexed hereto as Exhibit A.

6.2    The mailing or publication of the *Notice* and *Publication Notice* shall not occur until the *Order for Notice and Hearing* has been entered by the *Court*.

7.    **TERMS OF ORDER AND FINAL JUDGMENT**

7.1    If the *Settlement* contemplated by this *Stipulation* is approved by the *Court*, *Class Counsel* and *Defendants' Counsel* shall request that a *Judgment* be entered substantially in the form annexed hereto as Exhibit B.

8.    **EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION**

8.1    The "*Effective Date*" of the *Settlement* shall be the date when all the following conditions of settlement shall have occurred:

8.1.1   deposit into the *Settlement Fund* of the *Settlement Amount* in accordance with the provisions of Paragraph 3.1;

8.1.2   final approval by the *Court* of the *Settlement*, following notice to the *Class* and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

8.1.3   entry by the *Court* of the *Judgment* in all material respects in the form set forth in Exhibit B, and the *Judgment* becoming *Final,* or, in the event that the *Court* enters a judgment in a form other than that provided above ("*Alternative Judgment*") and none of the parties hereto elect to terminate this *Settlement*, the date that such *Alternative Judgment* becomes *Final*; and

8.1.4   if the circumstances described in Paragraph 8.2 or 8.3 occur, the expiration of the time to exercise the termination rights provided in the applicable Paragraph(s) without the termination right being exercised.

8.2    *Named Plaintiff* and *Defendants* shall each have the right to terminate the *Settlement* and thereby this *Stipulation* by providing written notice of their election to do so to one another within thirty (30) days of any of the following:  (a) the *Court* declining to enter the *Order for Notice and Hearing* in any material respect; (b) the *Court* refusing to approve this *Settlement* as set forth in this

20

*Stipulation*; (c) the *Court* declining to enter the *Judgment* in any material respect or entering an *Alternative Judgment*; or (d) the date upon which the *Judgment* or *Alternative Judgment* is modified or reversed in any material respect by any level of appellate court.

8.3    Notwithstanding anything else in this *Stipulation*, *Countrywide* may, in its sole and unfettered discretion, elect in writing to terminate the *Settlement* and this *Stipulation* on or before the tenth (10th) business day prior to the *Fairness Hearing* if (a) the *Independent Fiduciary* has determined in writing that it does not approve the *Settlement*; (b) the *Independent Fiduciary* has not provided a release in its capacity as fiduciary of the *Plan* and for and on behalf of the *Plan* that is coextensive with the release by the *Class Members* provided for in Paragraph 2.2; or (c) the *Independent Fiduciary* has not authorized the *Settlement* as contemplated by Department of Labor Prohibited Transaction Class Exemption 2003-39.

8.4    In the event the United States Department of Labor indicates to *Defendants* that it intends to oppose or object to this *Settlement*, *Named Plaintiff* and *Class Counsel* agree to cooperate and work with *Defendants* to overcome such opposition or objection.  In the event such opposition or objection is not resolved, *Defendants* shall have the right, notwithstanding anything else to the contrary in this *Stipulation*, to terminate the *Settlement* at their sole discretion.

8.5    Except as otherwise provided herein, in the event the *Settlement* is terminated, the parties to this *Stipulation* and all *Released Persons* shall be deemed to have reverted to their respective status in the *ERISA Action* as of March 15, 2009, and the parties shall proceed in all respects as if this *Stipulation* and any related orders had not been entered.  Furthermore, within ten (10) business days following any termination of this *Settlement*, the *Custodian* shall return to *Countrywide*'s fiduciary liability insurance carriers the *Settlement Amount* previously paid by them together with any interest or other income earned thereon or in respect thereof, less any *Taxes* paid or due with respect to such income, less any amounts required to be

21

1  paid to the *Custodian* pursuant to this *Stipulation*, less any reasonable costs of

2  administration and notice actually incurred and paid or payable from the *Gross*

3  *Settlement Fund* (as described in Paragraph 4.2 hereof), and less any applicable

4  withholding taxes.

5  **9.    NO ADMISSION OF WRONGDOING**

6       9.1    This *Stipulation*, whether or not consummated, and any proceedings

7  taken pursuant to it:

8            9.1.1  shall not be offered or received against any of the *Defendants* as

9  evidence of or construed as or deemed to be evidence of any presumption,

10 concession, or admission by any of those *Defendants* with respect to the truth of any

11 fact alleged by any of the *Plaintiffs* or the validity of any claim that has been or

12 could have been asserted in the *ERISA Action* or in any litigation, or the deficiency

13 of any defense that has been or could have been asserted in the *ERISA Action* or in

14 any litigation, or of any liability, negligence, fault, or wrongdoing of the

15 *Defendants*;

16           9.1.2  shall not be offered or received against the *Defendants* as

17 evidence of a presumption, concession or admission of any fault, misrepresentation

18 or omission with respect to any statement or written document approved or made by

19 any of the *Defendants*;

20           9.1.3  shall not be offered or received against the *Defendants* as

21 evidence of a presumption, concession or admission with respect to any liability,

22 negligence, fault or wrongdoing, or in any way referred to for any other reason as

23 against any of the *Defendants*, in any other civil, criminal or administrative action or

24 proceeding, other than such proceedings as may be necessary to effectuate the

25 provisions of this *Stipulation*; *provided*, however, that if this *Stipulation* is approved

26 by the *Court*, the *Released Parties* may refer to it to effectuate the liability

27 protection granted them hereunder;

28

1  9.1.4  shall not be construed against any of the *Defendants* as an

2  admission or concession that the consideration to be given hereunder represents the

3  amount that could be or would have been recovered after trial;

4  9.1.5  shall not be construed against any of the *Defendants* as an

5  admission or concession that any *Defendant* had any fiduciary status under ERISA;

6  and

7  9.1.6  shall not be construed as or received in evidence as an admission,

8  concession or presumption against *Named Plaintiff* or any of the *Class Members* that

9  any of their claims are without merit, or that any defenses asserted by the

10  *Defendants* have any merit, or that damages recoverable under the *ERISA Action*

11  would not have exceeded the *Gross Settlement Fund*.

12  **10.    COVENANTS NOT TO SUE**

13  10.1  The *Named* Plaintiff covenants and agrees on behalf of himself, the

14  *Class,* and the *Plan*: (i) not to file against any *Released Party* or the *Plan* any

15  additional *Claim* based on, relating to, or arising from any *Settled Claim*, or refile

16  any *Claim* brought in the *ERISA Action*; and (ii) that the foregoing covenants and

17  agreements shall be a complete defense to any such *Claims* brought by any *Class*

18  *Member* against any of the respective *Released Parties* or the *Plan*.

19  10.2  The *Defendants* covenant and agree (i) not to file against any *Plaintiff* or

20  the *Plan* any *Settled Defendants' Claims*; and (ii) that the foregoing covenants and

21  agreements shall be a complete defense to any such *Claims* against any of the

22  respective *Plaintiffs*.

23  **11.    REPRESENTATIONS AND WARRANTIES**

24  11.1  The *Defendants*, and the *Named Plaintiff* on behalf of (i) himself, (ii) the

25  *Class*, and (iii) the *Plan* (collectively, with the *Defendants*, the "*Representing*

26  *Parties*"), and each of them, represent and warrant as follows, and each

27  *Representing Party* acknowledges that each other *Representing Party* is relying on

28  these representations and warranties in entering into this *Stipulation*:

23

11.1.1 That they have conducted discovery and have diligently litigated this case pursuant to the Court's orders; that they are voluntarily entering into this *Stipulation* as a result of arm's-length negotiations among their counsel; that in executing this *Stipulation* they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent and duration of their rights and Claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this *Stipulation* by any representations, statements, or omissions pertaining to any of the foregoing matters by any *Party* or by any *Person* representing any *Party* to this *Stipulation*.  Each *Party* assumes the risk of mistake as to facts or law.

11.1.2 That they have carefully read the contents of this *Stipulation*, and this *Stipulation* is signed freely by each *Person* executing this *Stipulation* on behalf of each of the *Parties*.  The *Parties*, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the *Settlement*, this *Stipulation*, and all of the matters pertaining thereto, as he, she, or it deems necessary.

11.2   *Class Counsel* represents and confirms that it has completed confirmatory discovery, that the confirmatory discovery was adequate, and that the *Settlement* is fair, reasonable, and adequate.

11.3   Each *Person* executing this *Stipulation* on behalf of any other *Person* does hereby personally represent and warrant that he or she has the authority to execute this *Stipulation* on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

**12.   MISCELLANEOUS PROVISIONS**

12.1  All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

12.2  If the *Court* requests or orders *Named Plaintiff* or *Defendants* to supply non-privileged information in their possession as part of the *Court*'s review of the *Settlement*, the *Named Plaintiff* and *Defendants* agree to promptly provide such information to the *Court*.  If *Named Plaintiff* deem it necessary for the *Defendants* to supply non-privileged information in their possession, and not otherwise available to the *Named Plaintiff*, in order to respond to any timely filed objection or *Court* request/order, *Defendants*  agree to promptly provide such non-privileged information that has been reasonably requested.  If *Defendants* deem it necessary for the *Named Plaintiff* to supply non-privileged information in their possession in order to respond to any objection or any inquiry from the *Independent Fiduciary* or the Department of Labor, the *Named Plaintiff* agrees to promptly provide such non-privileged information that has been reasonably requested.  With respect to any information a *Party* provides pursuant to this Paragraph 12.2, *Defendants* and *Named Plaintiff*, on behalf of himself, the *Class*, and the *Plan*, agree to take reasonable steps to preserve the confidentiality of such information if reasonably requested by the *Party* that provides it.

12.3  The *Parties* understand and agree that this *Stipulation* embodies a compromise settlement of disputed claims, and that nothing in this *Stipulation,* including the furnishing of consideration for this *Stipulation,* shall be deemed to constitute any finding of fiduciary status under *ERISA* or wrongdoing by any of the *Defendants,* or give rise to any inference of fiduciary status under *ERISA* or wrongdoing or admission of wrongdoing or liability in this or any other proceeding. This *Stipulation* and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. Moreover, the *Defendants* specifically deny any such liability or wrongdoing and state that they are entering into this *Settlement Agreement* to eliminate the burden and expense of further litigation. The *Parties* intend the *Settlement* to be a final and complete resolution of all disputes asserted or which

25

could be asserted by the *Class Members* against the *Released Parties* with respect to the *Settled Claims*. Accordingly, the *Parties* agree not to assert in any forum that the *ERISA Action* was brought by the *Plaintiff* or defended by *Defendants* in bad faith or without a reasonable basis. The *Parties* hereto agree that they shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the *ERISA Action*. The *Parties* agree that the amount paid and the other terms of the *Settlement* were negotiated at arm's-length in good faith by the *Parties*, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

12.4  Before entry of *Judgment*, this *Stipulation* may not be modified or amended except by a writing signed by or on behalf of all *Parties* or their *Successors*. After entry of *Judgment*, this *Stipulation* may not be modified or amended except by a writing signed by or on behalf of all *Parties* or their *Successors* and approved by the *Court*.

12.5  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.6  The administration and consummation of the *Settlement* as embodied in this *Stipulation* shall be under the authority of the *Court*, and that *Court* shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to *Class Counsel* and enforcing the terms of this *Stipulation*, including without limitation its confidentiality provisions.

12.7  The waiver by one party of any breach of this *Stipulation* by any other party shall not be deemed a waiver of any other prior or subsequent breach of this *Stipulation*.

12.8  This *Stipulation* and its exhibits constitute the entire agreement concerning the *Settlement* of the *ERISA Action*, and no representations, warranties, or inducements have been made by any party hereto concerning this *Stipulation* or its exhibits other than those contained and memorialized in such documents.

12.9  In the event that any court with original or appellate jurisdiction over the *ERISA Action* issues a *Final* determination that any portion of Section 1.41 is not enforceable, the *Parties* may (but shall not be required to) jointly agree in writing to modify Section 1.41 to conform with such determination. With the sole exception set forth in the preceding sentence, the provisions of this *Stipulation* are not severable.

12.10 Except as a disclosing party otherwise expressly authorizes in writing, within thirty (30) days after the *Judgment* becomes *Final*, each *Party*'s counsel shall, at the option of the disclosing party, either (a) return all documents and information designated as confidential, whether produced during discovery, confirmatory discovery, or otherwise, in that counsel's possession, custody or control, and all copies, portions, summaries, or abstracts thereof to counsel for the disclosing party or (b) certify destruction thereof; provided, however, that counsel for a *Party* may retain a file copy of work product created in connection with this ERISA Action that includes Confidential Materials, but such work product shall continue to be kept confidential and shall not be shared with any third party including, without limitation, any plaintiff or claimant, or any counsel to any such plaintiff or claimant, in any other action or proceeding against any *Defendant*.

12.11 This *Stipulation* may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

12.12 The construction and interpretation of this *Stipulation* shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law of the United States requires that federal law governs.

12.13 This *Stipulation* shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the *Parties*, it being recognized that it is the result of

27

1 arm's-length negotiations between the *Parties* and all *Parties* have contributed
2 substantially and materially to the preparation of this *Stipulation*.

3      12.14 All counsel and any other person executing this *Stipulation* and any of
4 the exhibits hereto, or any related *Settlement* documents, warrant and represent that
5 they have the full authority to do so and that they have the authority to take
6 appropriate action required or permitted to be taken pursuant to the *Stipulation* to
7 effectuate its terms.

8      12.15 The parties hereto agree to cooperate fully with one another in seeking
9 *Court* approval of the *Order for Notice and Hearing*, the *Stipulation* and the
10 *Settlement* and to promptly agree upon and execute all such other documentation as
11 may be reasonably required to obtain final approval by the *Court* of the *Settlement*.

12      12.16 Any notice, demand, or other communication under this *Stipulation*
13 (other than the *Class Notice,* or other notice given at the direction of the *Court*) shall
14 be in writing and shall be deemed duly given upon receipt if it is addressed to each
15 of the intended recipients as set forth below and personally delivered, sent by
16 registered or certified mail (postage prepaid), sent by confirmed facsimile, or
17 delivered by reputable express overnight courier:

18      IF TO *Plaintiffs*:

20           Lynn L. Sarko
           Derek W. Loeser
21           KELLER ROHRBACK L.L.P.
           1201 Third Avenue, Suite 3200
22           Seattle, WA 98101
           Telephone:  (206) 623-1900
23           Facsimile:  (206) 623-3384

24      IF TO *Countrywide*:

26           Brian E. Pastuszenski
           James O. Fleckner
27           GOODWIN PROCTER LLP
           53 State Street
28           Exchange Place

1

2

Boston, MA 02109
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231

3

and

4

5

6

Michael K. Isenman
GOODWIN PROCTER LLP
901 New York Avenue NW
Washington, DC  20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

7

8

IF TO one or more *Individual Defendants*:

9

10

11

12

Brian E. Pastuszenski
James O. Fleckner
GOODWIN PROCTER LLP
53 State Street
Exchange Place
Boston, MA 02109
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231

13

and

14

15

16

17

Michael K. Isenman
GOODWIN PROCTER LLP
901 New York Avenue NW
Washington, DC  20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

18

Counsel for *Individual Defendants* Thomas Saletta and Thomas Scrivener

19

20

21

22

23

Eric S. Waxman
Peter B. Morrison
Virginia F. Milstead
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Suite 3400 Los Angeles, California 90071
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600

24

25

Counsel for *Individual Defendants* Michael E. Dougherty and Kathleen Brown

26

27

28

Kenneth R. Heitz
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

29

Telephone (310) 277-1010
Facsimile:  (310) 203-7199

Counsel for *Individual Defendant* Angelo R. Mozilo

Christopher G. Caldwell
Andrew Esbenshade
CALDWELL, LESLIE & PROCTOR, PC
1000 Wilshire Blvd., Suite 600
Los Angeles, CA 90017
Telephone (213) 629-9040
Facsimile (213) 629-9022

Counsel for *Individual Defendant* Stanford L. Kurland

William F. Sullivan
Thomas A. Zaccaro
Joshua G. Hamilton
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Fax (213) 627-0705

Counsel for *Individual Defendants* Becky Bailey, Grant
Couch, Jr., Marshall M. Gates, Lawrence Gee, Ranjit
Kripalani, Chuck Quon, Jr., Jennifer S. Sandefur, and
Jeffrey Speakes

Ann Kotlarski
SEYFARTH SHAW LLP
One Century Plaza, Suite 3500
2029 Century Park East
Los Angeles , CA 90067-3021

Counsel for *Individual Defendant* Leora Goren

Jordan Eth
Judson E. Lobdell
D. Anthony Rodriguez
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

Counsel for *Individual Defendants* Henry G. Cisneros,
Jeffrey M. Cunningham, Robert J. Donato, Ben M. Enis,
Edwin Heller, Martin R. Melone, Robert T. Parry, Oscar
P. Robertson, Keith P. Russell, and Harley W. Snyder

STIPULATION AND AGREEMENT OF SETTLEMENT — ERISA ACTION

Stephen D. Hibbard
SHEARMAN & STERLING
525 Market Street, Suite 1500
San Francisco, CA  94105-2723
Telephone:
Hibbard direct (415) 616 1174
Griffen direct (415) 616 1128
Gowharrizi direct (415) 616 1129

Counsel for *Individual Defendant* Nicholas Krsnich

Any *Party* may change the address at which it is to receive notice by written notice delivered to the other *Parties* in the manner described above.

12.17 This *Stipulation* contains the entire agreement among the *Parties* thereto relating to this *Settlement*, and specifically supersede any settlement terms or settlement agreements relating to the *Defendants* that were previously agreed upon orally or in writing by any of the *Parties.*

12.18 This *Stipulation* may be executed by exchange of faxed or e-mailed (.pdf) executed signature pages, and any signature thereby transmitted for the purpose of executing this *Stipulation* shall be deemed an original signature for purposes of this *Stipulation.*  This *Stipulation* may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

12.19 This *Stipulation* binds and inures to the benefit of the *Parties* hereto and their *Successors*.

12.20 The date on which the final signature is affixed below shall be the *Agreement Execution Date.*

IN WITNESS WHEREOF, the *Parties* have executed this *Stipulation* on the dates set forth below.

FOR THE PLAINTIFFS:

By:     s/ Derek W. Loeser                    Dated:  August 5, 2009
        Lynn L. Sarko
        Derek W. Loeser
        Margaret E. Wetherald
        Sarah H. Kimberly
        KELLER ROHRBACK L.L.P.
        1201 Third Avenue, Suite 3200
        Seattle, WA 98101
        Telephone:  (206) 623-1900
        Facsimile:  (206) 623-3384

        Michael D. Braun
        BRAUN LAW GROUP, P.C.
        12304 Santa Monica Blvd., Suite 109
        Los Angeles, CA  90025
        Telephone:  (310) 442-7755
        Facsimile: (310) 442-7756


FOR THE DEFENDANTS:

By:     /s/ Brian E. Pastuszenski            Dated:  August 5, 2009
        Brian E. Pastuszenski
        James O. Fleckner
        GOODWIN PROCTER LLP
        53 State Street
        Exchange Place
        Boston, MA 02109
        Telephone:  (617) 570-1000
        Facsimile:  (617) 523-1231

        Lloyd Winawer
        GOODWIN PROCTER LLP
        10250 Constellation Blvd., 21st Floor
        Los Angeles, CA 90067-6221
        Tel: (310) 788-5100
        Fax: (310) 286-0992

        Michael K. Isenman
        GOODWIN PROCTER LLP
        901 New York Avenue NW
        Washington, DC  20001
        Telephone: (202) 346-4000
        Facsimile: (202) 346-4444

*Counsel for Defendants Countrywide Financial Corporation, Thomas Saletta, and Thomas Scrivener*

1

2        _/s/ Eric S. Waxman_____        Dated:  August 5, 2009
         Eric S. Waxman (106649)
3        Peter B. Morrison (230148)
         Virginia F. Milstead (234578)
4        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
         300 South Grand Avenue
5        Suite 3400 Los Angeles, California 90071
         Telephone:  (213) 687-5000
6        Facsimile:  (213) 687-5600

7   *Counsel for Defendants Michael E. Dougherty and Kathleen Brown*

8
         _/s/ David Siegel_____        Dated:  August 5, 2009
9        Kenneth R. Heitz
         David Siegel
10       Daniel P. Lefler
         IRELL & MANELLA LLP
11       1800 Avenue of the Stars, Suite 900
         Los Angeles, CA 90067
12       Telephone (310) 277-1010
         Facsimile:  (310) 203-7199
13
14  *Counsel for Defendant Angelo R. Mozilo*

15
          _/s/ Christopher G. Caldwell___        Dated:  August 5, 2009
16       Christopher G. Caldwell, SBN 106790
         Andrew Esbenshade, SBN 202301
17       CALDWELL, LESLIE & PROCTOR, PC
         1000 Wilshire Blvd., Suite 600
18       Los Angeles, CA 90017
         Telephone (213) 629-9040
19       Facsimile (213) 629-9022

20  *Counsel for Defendant Stanford L. Kurland*

21

22

23

24

25

26

27

28

STIPULATION AND AGREEMENT OF SETTLEMENT — ERISA ACTION

1

    /s/ William F. Sullivan_____          Dated:  August 5, 2009
    William F. Sullivan (SB# 78353)

2

    Thomas A. Zaccaro (SB#.183241)
    Joshua G. Hamilton (SB# 199610)

3

    Eleanor Mercado
    PAUL, HASTINGS, JANOFSKY & WALKER LLP

4

    515 South Flower Street, 25th Floor
    Los Angeles, CA 90071-2228

5

    Telephone: (213) 683-6000
    Fax (213) 627-0705

6

7

*Counsel for Defendants Becky Bailey, Grant Couch, Jr., Marshall M. Gates, Lawrence Gee, Ranjit Kripalani, Chuck Quon, Jr., Jennifer S. Sandefur, and Jeffrey Speakes*

8

9

    /s/ Jordan Eth_____          Dated:  August 5, 2009
    Jordan Eth, SBN 121617

10

    Judson E. Lobdell, SBN 146041

11

    D. Anthony Rodriguez
    MORRISON & FOERSTER LLP

12

    425 Market Street
    San Francisco, CA 94105

13

14

*Counsel for Defendants Henry G. Cisneros, Jeffrey M. Cunningham, Robert J. Donato, Ben M. Enis, Edwin Heller, Martin R. Melone, Robert T. Parry, Oscar P. Robertson, Keith P. Russell, and Harley W. Snyder*

15

16

    /s/ Stephen D. Hibbard____          Dated:  August 5, 2009
    Stephen D. Hibbard

17

    Emily V. Griffen

18

    Azaden Gowharrizi
    SHEARMAN & STERLING LLP

19

    525 Market Street, Suite 1500
    San Francisco, CA  94105-2723

20

    Telephone:
    Hibbard direct – (415) 616 1174

21

    Griffen direct (415) 616 1128
    Gowharrizi direct (415) 616 1129

22

*Counsel for Defendant Nicholas Krsnich*

23

24

    /s/ Ann Kotlarski_____          Dated:  August 5, 2009
    Ann Kotlarski

25

    SEYFARTH SHAW LLP

26

    One Century Plaza, Suite 3500
    2029 Century Park East

27

    Los Angeles , CA 90067-3021

28

*Counsel for Defendant Leora Goren*

34

EXHIBITS TO THE STIPULATION AND AGREEMENT OF SETTLEMENT
ERISA ACTION

<u>Exhibits</u>

A            Proposed Order for Notice and Hearing

B            Proposed Final Order and Judgment

C.           Proposed Plan of Allocation

**EXHIBIT A**
**to**

**STIPULATION AND AGREEMENT OF SETTLEMENT**
**ERISA ACTION**

**(Proposed) Order for Notice and Hearing**

1

2

3

4

5

6

7

8             **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10                    **SOUTHERN DIVISION**

11  VINCENT ALVIDRES, Individually       Case No. 2:07-CV-05810-JFW (CTx)
    and on Behalf of All Others Similarly
12  Situated,
                                         **[PROPOSED] FINDINGS AND**
13              Plaintiff,               **ORDER PRELIMINARILY**
                                         **APPROVING PROPOSED**
14         v.                            **SETTLEMENT, APPROVING**
                                         **FORM AND DISSEMINATION OF**
15  COUNTRYWIDE FINANCIAL                **CLASS NOTICE, AND SETTING**
    CORPORATION, et. al.,                **DATE FOR HEARING ON FINAL**
16                                       **APPROVAL**

17              Defendants.
                                         Judge:     **HON. JOHN F. WALTER**
18

19

20

21

22

23

24

25

26

27

28

**FINDINGS AND ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS <u>NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL</u>**

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to Countrywide Financial's 401(k) Savings and Investment Plan, as amended and restated effective December 31, 2008, and all successor plans and any trust created under the foregoing plans (the "*Plan*").[1]

Presented to the Court for preliminary approval is a settlement of the litigation as against all *Defendants*. The terms of the *Settlement* are set out in a *Settlement Agreement* executed by counsel for the Parties on August 5, 2009.

On _____, 2009, the Court preliminarily considered the *Settlement* to determine, among other things, whether the *Settlement* is sufficient to warrant the issuance of notice to members of the *Class*. Upon reviewing the *Settlement Agreement*, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of this Action and over the *Parties*.

2. <u>Class Certification</u>. The Court has certified this Action as a class action pursuant to Fed. R. Civ. P. 23. The originally-certified class was open-ended as to the termination of the class period, but *Named Plaintiff* has requested, and *Defendants* do not oppose, amending the class definition to provide for an end to the class period. Therefore, the class definition is amended as follows: "Class" means (a) all *Persons* who are or were *Participants* in, beneficiaries of, or alternate payees of, the *Plan* for whose individual *Plan* accounts included direct or indirect investments in *Countrywide* stock and/or the *Countrywide Stock Fund* at any time

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the *Settlement Agreement*.

between January 31, 2006 and July 1, 2008, inclusive, and (b) as to each *Person* within the scope of (a), his, her, or its beneficiaries (including spouses of deceased persons who were *Plan Participants*), *Representatives* and *Successors*, provided, however, that the Class shall not include any *Individual Defendant* or *Individual Defendants' Immediate Family*, beneficiaries (including spouses of deceased persons who were *Plan Participants*), *Representatives* or *Successors*, except for spouses and *Immediate Family* who themselves are or were *Participants* in the *Plan*, who shall be considered members of the Class with respect to their own *Plan* accounts.

3.     Preliminary Findings Concerning Proposed Settlement.  The Court preliminarily finds that the proposed *Settlement* should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii)  fair, reasonable, and adequate; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the *Named Plaintiff* or segments of the Class; (v) falling within the range of possible approval and (vi) warranting notice of the *Settlement* to the Class of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

4.     Fairness Hearing.  A hearing is scheduled for November ____, 2009 (the "Fairness Hearing") to determine, among other things:

•      Whether the *Settlement* should be approved as fair, reasonable, and adequate;

•      Whether this Action should be dismissed with prejudice pursuant to the terms of the Settlement;

•      Whether the *Notice* and *Publication Notice* and the means of dissemination provided for by the *Settlement Agreement*: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the Fairness

3

Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all *Persons* entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

     •   Whether *Class Counsel* adequately represented the Class for purposes of entering into and implementing the *Settlement Agreement*;

     •   Whether the *Plan of Allocation* should be approved;

     •   Whether the application for attorneys' fees and expenses filed by *Class Counsel* should be approved; and

     •   Whether the application for compensation for the *Named Plaintiff* should be approved.

    5.  <u>Notice</u>.  A proposed form of *Notice* is attached hereto as Exhibit A. With respect to such form of *Notice*, the Court finds that such form fairly and adequately: (i) describes the terms and effect of the *Settlement Agreement* and of the *Settlement*; (ii) notifies the Class concerning the proposed *Plan of Allocation*; (iii) notifies the Class that *Class Counsel* will seek an incentive award from the *Settlement Fund* for the *Named Plaintiff* in an amount not to exceed $10,000, for attorneys' fees and expenses not to exceed 30% of the *Settlement Fund*, and reimbursement of the out-of-pocket expenses not to exceed $500,000; (iv) gives notice to the Class of the time and place of the Fairness Hearing; and (v) describes how the recipients of the *Notice* may object to any of the relief requested.  The Court directs that *Class Counsel* shall:

     •   By no later than forty-five (45) days before the Fairness Hearing, cause the *Notice*, in the form attached hereto as Exhibit A, with such non-substantive modifications thereto as may be agreed upon by the *Parties*, to be sent to each *Person* within the Class who can be identified by reasonable effort.  Such notice shall be sent by first-class mail, postage prepaid, to the *Person's* last known address.  The *Defendants* shall provide *Class Counsel*, in accordance with Section 4.3 of the *Settlement Agreement*, with the names and last known addresses of the

1  members of the Class to the extent such information is within *Defendants'* custody

2  or control.

3  • By no later than forty-five (45) days before the Fairness Hearing,

4  cause the *Settlement Agreement* with all of its exhibits and the *Notice* to be posted

5  at www.Countrywide401(k)Settlement.com.

6  • By no later than forty-five (45) days before the Fairness Hearing,

7  cause a summary notice in the form attached hereto as Exhibit B, with such non-

8  substantive modifications thereto as may be agreed upon by the *Parties*, to be

9  published on at least one occasion in USA Today and/or such other publications as

10  the Court may authorize.

11  • At or before the Fairness Hearing, *Class Counsel* shall file with the

12  Court a proof of timely compliance with the foregoing mailing and publication

13  requirements.

14  6. <u>Objections to Settlement</u>.  Any member of the Class who wishes to

15  object to the fairness, reasonableness, or adequacy of the *Settlement*, to the *Plan of*

16  *Allocation*, to any term of the *Settlement Agreement*, to the proposed award of

17  attorneys' fees and expenses, or to any request for compensation for the *Named*

18  *Plaintiff*, may file an objection.  An objector must file with the Court a statement of

19  his, her or its objection(s), specifying the reason(s), if any, for each such objection

20  made, including any legal support and/or evidence that such objector wishes to

21  bring to the Court's attention or introduce in support of such objection.  The

22  objector must also mail the objection and all supporting law and/or evidence to

23  *Class Counsel* and to *Defendants' Counsel*.  The addresses for filing objections

24  with the Court and service on counsel are as follows:

25  To the Court:

26  Clerk of the Court
   U.S. District Court for the Central District of California
27  255 East Temple Street
   Los Angeles, CA  90012

28

To Class Counsel:

>       Keller Rohrback L.L.P.
>       Attn: Lynn Lincoln Sarko
>       Derek W. Loeser
>       1201 Third Avenue, Ste 3200
>       Seattle, Washington 98109
>       Telephone: (206) 623-1900
>       Facsimile: (206) 623-3384

>       Class Counsel

To Defendants' Counsel:

>       Goodwin Procter LLP
>       Attn: Brian E. Pastuszenski
>       James O. Fleckner
>       53 State Street
>       Exchange Place
>       Boston, MA 02109
>       Telephone: (617) 570-1000
>       Facsimile: (617) 523-1231

and

>       Goodwin Procter LLP
>       Attn: Michael K. Isenman
>       901 New York Avenue, NW
>       Washington, D.C. 2001
>       Telephone: (202) 346-4000
>       Facsimile: (202) 346-4444

>       Counsel for *Countrywide* and some individual defendants

The objector or his, her or its counsel (if any) must effect service of the objection on counsel listed above and file it with the Court so that it is received by no later than ten (10) court days before the date of the Fairness Hearing. If an objector hires an attorney to represent him, her or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than ten (10) court days before the date of the Fairness Hearing. Any member of the Class or other *Person* who does not timely file and serve a written objection

complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the *Settlement*, and any untimely objection shall be barred.

7.     Appearance at Fairness Hearing.  Any objector who files and serves a timely, written objection in accordance with the instructions above and herein, may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on *Class Counsel* and on *Defendants' Counsel* (at the addresses set out above). The objector must also file the notice of intention to appear with the Court by no later than ten (10) court days before the date of the Fairness Hearing.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

8.     Service of Papers.  *Defendants' Counsel* and *Class Counsel* shall promptly furnish each other with copies of any and all objections that come into their possession.

9.     Notice Expenses.  The expenses of printing and mailing all notices required hereby to the extent of the first $250,000 shall be paid from the *Settlement Fund* as provided in Section 4.2 of the *Settlement Agreement*.

10.     Termination of Settlement.  This Order shall become null and void, and shall be without prejudice to the rights of the *Parties*, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the *Settlement* is terminated in accordance with the *Settlement Agreement*.  In such event, Section 8.5 of the *Settlement Agreement* shall govern the rights of the *Parties*.

11.     Use of Order.  This Order shall not be construed or used as an admission, concession, or declaration by or against *Defendants* of any fault, wrongdoing, breach, or liability or as a waiver by any *Party* of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by *Defendants* to class certification in the event that the *Settlement Agreement* is terminated.  In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against *Defendants*, the *Named Plaintiff* or the Class.

12.     Continuance of Hearing.  The Court reserves the right to continue the Fairness Hearing without further written notice.


SO ORDERED this _____ day of _____ 2009.


_____

JUDGE JOHN F. WALTER

UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**
**to**

**(PROPOSED) ORDER FOR NOTICE AND HEARING**

**(Class Notice)**

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINCENT ALVIDRES, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et. al.<br><br>                              Defendants. | **CASE NO. 2:07-cv-05810-JFW-(CTx)**<br><br>**CLASS ACTION**<br><br><br><br><br><br>**BEFORE THE HON. JOHN F. WALTER** |

# NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

## Your legal rights might be affected if you are a member of the following class:

All current and former *Participants*, beneficiaries of, and alternate payees of, the Countrywide Financial Corporation 401(k) Savings and Investment Plan, as amended and restated effective December 31, 2008, and any amendments thereto and all successor plans and any trust created under the foregoing plan (the "*Plan*") for whose individual accounts the *Plan* included investments in *Countrywide* stock and/or the *Countrywide Stock Fund* at any time between January 31, 2006 to July 1, 2008 (the "*Class Period*"). Included in the *Class* are any beneficiaries of *Participants* (including spouses of deceased persons who were *Participants* of the *Plan*), and representatives or successors-in-interest to a *Participant*. Excluded from the *Class* are *Defendants* and *Defendants' Immediate Family* as described more fully below.

### PLEASE READ THIS NOTICE CAREFULLY
### A FEDERAL COURT AUTHORIZED THIS NOTICE.
### THIS IS NOT A SOLICITATION.
### YOU HAVE NOT BEEN SUED.

- The *Court* has preliminarily approved a proposed settlement (the "*Settlement*") of a class action lawsuit brought under the Employee Retirement Income Security Act ("ERISA") against Countrywide Financial Corporation (the "*Company*" or "*Countrywide*") and certain of its officers, directors and employees. The *Settlement* will provide for payment to the *Plan* and for allocation of the payment to the individual accounts of members of the *Class* whose *Plan* accounts included investments in the *Countrywide Stock Fund*, which invested in *Countrywide* stock. Those members of the *Class* who are entitled to a distribution under the *Plan of Allocation* but who no longer have *Plan* accounts will receive their allocation into a new *Plan* account established for them. The *Settlement* is summarized below.

- The *Court* has scheduled a hearing on the final approval of the *Settlement* and for approval of the *Named Plaintiff's* petition for attorneys' fees and expenses and compensation to the *Named Plaintiff* for November ___ 2009, at ___ __ _.m., before United States District Court Judge John F. Walter. The hearing will be held at the United States District Court for the Central District of California, in Courtroom 16, of the United States District Court for the Central District of California, 312 N. Spring St., Los Angeles, CA 90012.

- Any objections to the *Settlement*, or to the petition for attorneys' fees and expenses and/or any award to the *Named Plaintiff*, must be served in writing on *Class Counsel* and *Defendants' Counsel*, as identified on page 3 of this *Notice*. The procedure for objecting is described below.

- This *Notice* contains summary information with respect to the *Settlement*. The terms and conditions of the *Settlement* are set forth in the *Settlement Agreement* dated August 5, 2009. Capitalized and italicized terms used in this *Notice* but not defined in this *Notice* have the meanings assigned to them in the *Settlement Agreement*. Copies of the *Settlement Agreement* are available at www.Countrywide401(k)Settlement.com, or from *Class Counsel*: Lynn Lincoln Sarko, Keller Rohrback L.L.P., 1201 Third Avenue, Suite 3200, Seattle, WA 98101. *Class Counsel* has established a toll-free number, (800) ____-_____, if you have questions or comments. *Class Counsel* may also be contacted via email at info@Countrywide401(k)Settlement.com.

Please do not contact the *Court*. Its personnel will not be able to answer your questions.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **YOU CAN DO NOTHING.** | If the *Settlement* is approved by the *Court* and you are a member of the *Class*, you will receive whatever distribution or other benefits are provided to you under the *Settlement* without having to file a claim or take any other action. |

Exh. 1 to Exh. A - Page 47

| **NO ACTION IS NECESSARY TO RECEIVE A DISTRIBUTION.** | If you are a current *Plan Participant*, beneficiary, or alternate payee and are entitled to share in the *Net Settlement Fund*, any share of the *Net Settlement Fund* to which you are entitled will be deposited into your *Plan* account.  If you are no longer a *Plan Participant*, beneficiary, or alternate payee and are entitled to share in the *Net Settlement Fund*, a *Plan* account will be established for you and you will be notified of such account or you will receive a distribution with your share of the *Net Settlement Fund*. |
|---|---|
| **YOU CAN OBJECT (NO LATER THAN**<br><br>_____ ____, 2009) | If you wish to object to any part of the *Settlement*, you may (as discussed below) write to the *Court* and counsel about why you object to the *Settlement*. |
| **YOU CAN GO TO A HEARING ON**<br>_____ ___, 2009) | If you submit a written objection to the *Settlement* to the *Court* and counsel before the *Court*-approved deadline, you may (but do not have to) attend the hearing about the *Settlement* and present your objections to the *Court*.  You may attend the hearing even if you do not file a written objection, but you may not be permitted to address the *Court* at the hearing if you do not timely notify the Court and counsel of your intention to appear at the hearing by _____.____, 2009 as described herein. |

- These rights and options — **and the deadlines to exercise them** — are explained in this *Notice*.

- The *Court* in charge of this case still has to decide whether to approve the *Settlement*. Payments under the *Settlement* will be made only if the *Court* approves the *Settlement* and that approval is upheld in the event of any appeals.

- Further information regarding the litigation, the *Settlement*, and this *Notice* can be obtained by contacting *Class Counsel*:

> Keller Rohrback L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, Washington  98109
> Phone:  (800) ____- _____
> www.Countrywide401(k)Settlement.com

- Information concerning your individual share of the *Net Settlement Fund* will not be available for several months.

Exh. 1 to Exh. A - Page 48

## WHAT THIS NOTICE CONTAINS

SUMMARY OF SETTLEMENT ........................................................................................ 5

BASIC INFORMATION ................................................................................................. 5

    1.    Why Did I Get This Notice Package? ......................................... 5

    2.    What Is The Action About? ......................................................... 6

    3.    Why Is This Case A Class Action? ............................................ 7

    4.    Why Is There A Settlement? ...................................................... 7

    5.    How Do I Know Whether I Am Part Of The Settlement? .......... 7

THE SETTLEMENT BENEFITS ..................................................................................... 7

    6.    What Does The Settlement Provide? .......................................... 7

    7.    How Much Will My Distribution Be? ......................................... 8

    8.    How Can I Receive A Distribution? ........................................... 9

    9.    When Would I Receive My Distribution? ................................... 9

    10.    Can I Get Out Of The Settlement? ........................................... 10

THE LAWYERS REPRESENTING YOU .......................................................................... 10

    11.    Do I Have A Lawyer In The Case? ......................................... 10

    12.    How Will The Lawyers Be Paid? ............................................ 10

    13.    How Do I Tell The Court If I Don't Like The Settlement? ....... 11

THE COURT'S FAIRNESS HEARING ............................................................................ 11

    14.    When And Where Will The Court Decide Whether To Approve The Settlement? ... 12

    15.    Do I Have To Come To The Fairness Hearing? ...................... 12

    16.    May I Speak At The Fairness Hearing? ................................. 12

IF YOU DO NOTHING ................................................................................................. 12

    17.    What Happens If I Do Nothing At All? ..................................... 12

GETTING MORE INFORMATION .................................................................................. 12

    18.    Are There More Details About The Settlement? ..................... 12

    19.    How Do I Get More Information? .............................................. 13

## SUMMARY OF SETTLEMENT

In this litigation (the "*Action*") *Named Plaintiff* alleges that the *Defendants* breached fiduciary duties owed to the *Participants* in and beneficiaries of the *Plan* under the Employee Retirement Income Security Act of 1974 ("*ERISA*").  Copies of the *Action's* operative *Complaint* and other documents filed in the *Action* are available at www.Countrywide401(k)Settlement.com or may be requested from *Class  Counsel* by calling (800) ____-_____.  A *Gross Settlement Fund* has been created as a consequence of the *Settlement* of this *Action*.

### What is the Amount of the Settlement?

A *Gross Settlement Fund* of $55,000,000 is being established in the *Action*.   The *Net Settlement Fund*, which shall be the *Gross Settlement Fund* plus interest earned thereon minus any *Taxes*, *Court*-approved attorneys' fees, *Named Plaintiff* compensation, notice, and other expenses, will be paid to the *Plan* and allocated to *Class Members* according to a *Plan of Allocation* to be approved by the *Court*.

## STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT IN THE ACTION

The attorneys' fees of *Class Counsel*, the cost of certain aspects of the administration of the *Settlement*, and any award to the *Named Plaintiff* will be taken from the *Gross Settlement Fund*. *Class Counsel* will apply to the *Court* for an order awarding attorneys' fees in an amount not in excess of 27.5% of the amount recovered in *Settlement*, plus reimbursement of expenses not to exceed $500,000.  The actual amount of attorneys' fees, costs, expenses and any awards to the *Named Plaintiff* will be determined by the *Court*.

### What Will the Named Plaintiff Get?

The *Named Plaintiff* in the *Action* (defined below) will share in the allocation of the money paid to the *Plan* on the same basis and to the same extent as all other members of the *Class*, except that, in addition, the *Named Plaintiff* may apply to the *Court* for compensation of up to $10,000, plus reimbursement of the reasonable costs and expenses directly relating to his representation of the *Class*.  Any compensation awarded to any *Named Plaintiff* by the *Court* will be payable from the proceeds of the *Settlement*.

## BASIC INFORMATION

### 1.      Why Did I Get This Notice Package?

You or someone in your family are or may have been a *Participant* in, beneficiary of, or alternate payee of, the *Plan* during the *Class Period*.

The *Court* caused this *Notice* to be sent to you because, if you fall within that group, you have a right to know about the *Settlement* and about all of the options available to you regarding the *Settlement* before the *Court* decides whether to approve the *Settlement*.  If the *Court* approves the *Settlement*, and after any objections and appeals are resolved, the *Net Settlement Fund* will be paid to the *Plan* and then allocated among *Class Members* according to a *Court*-approved *Plan of Allocation*.  This *Notice* package describes the litigation, the *Settlement*, your legal rights, what benefits are available and who is eligible for them.

The *Court* in charge of this case is the United States District Court for the Central District of California. The person who brought this suit is called the "*Named Plaintiff*," and the people they sued are called the "*Defendants*." The *Named Plaintiff* in the *Action* is Vincent Alvidres. The *Defendants* in the *Action* are Countrywide Financial Corporation, and Becky Bailey, Kathleen Brown, Henry G. Cisneros, Grant Couch Jr., Jeffrey M. Cunningham, Robert J. Donato, Michael E. Dougherty, Ben M. Enis, Marshall M. Gates, Leora Goren, Lawrence Gee, Edwin Heller, Ranjit Kripilani, Nicholas Krsnich, Stanford L. Kurland, Martin R. Melone, Angelo R. Mozilo, Robert T. Parry, Chuck Quon, Jr., Oscar P. Robertson, Keith P. Russell, Thomas Saletta, Jennifer Sandefur, Thomas Scrivener, Jeffrey Speakes, and Harley W. Snyder.

The legal action that is the subject of this *Notice* and the *Settlement* is known as *Alvidres v. Countrywide Financial Corporation, et al.*, Case No. 2:07-cv-05810-JFW-(CTx) (the "*Action*").

| | |
|---|---|
| **2.** | **What Is The Action About?** |

In the *Action*, *Named Plaintiff* claims that the *Defendants* were fiduciaries of the *Plan* who violated fiduciary duties under ERISA, and he asserts causes of action for the losses he alleged were suffered by the *Plan* as a result of the alleged breaches of fiduciary duty by the *Defendants*.

The *Complaint* alleges that as of the beginning of the *Class Period*, the *Company* and some of its individual officers, directors, and employees had the fiduciary obligation to discontinue *Plan* investments in *Countrywide* stock and to sell the *Plan's* holdings of *Countrywide* stock, and that they failed to do so. The *Complaint* also alleges that certain other *Defendants* had the duty to monitor the performance of the responsible officers and employees and failed to do so in violation of their fiduciary duties. The *Complaint* further alleges that the *Defendants* knew or should have known that the *Countrywide Stock Fund* was not a prudent retirement investment during the *Class Period* and that the *Defendants* acted imprudently by not preventing further investment in *Countrywide* stock and/or the *Countrywide Stock Fund* and not liquidating the *Plan's Countrywide* stock holdings. The *Complaint* further alleges that *Defendants* violated their alleged fiduciary duties by failing to provide *Plan Participants* with complete and accurate public information about the *Company*.

The *Defendants* have denied and continue to deny the claims and contentions alleged by the *Named Plaintiff*, that they are liable at all to the *Class*, and that the *Class* or the *Plan* have suffered any damages for which the *Defendants* could be held legally responsible. The *Named Plaintiff* opposed a motion by *Defendants* to dismiss the *Named Plaintiff's* claims, and the *Court* denied the motion.

*Class Counsel* have conducted an extensive investigation of *Countrywide* and of the alleged losses suffered by the *Plan* as a result of the breaches of fiduciary duty alleged in the *Action*. In addition, through that investigation and through discovery of additional information in the *Action*, *Plaintiff's Counsel* have obtained extensive documents, including *Plan* governing documents and materials, communications with *Plan Participants*, internal *Company* documents regarding the *Plan*, SEC filings, press releases, public statements, news articles, and other publications and other documents.

The *Settlement* is the product of extensive negotiations between the *Class Counsel* and *Defendants' Counsel*. All of the parties to the *Settlement* have taken into account the uncertainty

and risks inherent in any litigation, particularly in a complex case such as this, and have concluded that it is desirable that the *Action* be fully and finally settled on the terms and conditions set forth in the *Settlement Agreement*.

| 3. | **Why Is This Case A Class Action?** |
|---|---|

In a class action, one or more plaintiffs sue on behalf of people who have similar claims. All of the individuals on whose behalf the *Named Plaintiff* is suing are *Class Members*. One *Court* resolves the issues for all *Class Members*. In 2007, *Named Plaintiff* filed a motion for class certification, which was granted by the *Court*. U.S. District Judge John F. Walter is presiding over this case.

| 4. | **Why Is There A Settlement?** |
|---|---|

The *Court* has not reached any final decisions in connection with *Named Plaintiff's* claims against the *Defendants*. Instead, the *Named Plaintiff* and the *Defendants* have agreed to the *Settlement*. In reaching the *Settlement*, they have avoided the cost, time, and uncertainty of a trial. The *Named Plaintiff* and *Class Counsel* believe that the *Settlement* is best for all *Class Members*.

| 5. | **How Do I Know Whether I Am Part Of The Settlement?** |
|---|---|

The proceeds of the *Settlement* will be distributed among members of the *Class*, according to a Court-approved *Plan of Allocation*. You are a member of the *Class* if you fall within the following definition:

(a) all *Persons* who are or were *Participants* in, beneficiaries of, or alternate payees of, the *Plan* for whose individual *Plan* accounts included direct or indirect investments in *Countrywide* stock and/or the *Countrywide Stock Fund* at any time between January 31, 2006 and July 1, 2008, inclusive, and (b) as to each *Person* within the scope of clause (a), his, her or its beneficiaries (including spouses of deceased persons who were *Plan Participants*), representatives and successors-in-interest, provided, however, that the *Class* shall not include any *Defendant* or *Defendants' Immediate Family*, beneficiaries, alternate payees (including spouses of deceased persons who were *Plan Participants*), representatives or successors-in-interest, except for spouses and immediate family who themselves are or were *Participants* in the *Plan*, who shall be considered members of the *Class* with respect to their own *Plan* accounts.

### THE SETTLEMENT BENEFITS

| 6. | **What Does The Settlement Provide?** |
|---|---|

A *Gross Settlement Fund* of $55,000,000 is being established in this *Action*.

The amount remaining in the *Gross Settlement Fund*, including interest but after payment of *Court*-approved attorneys' fees and expenses, Court-approved compensation to the *Named Plaintiff*, Court-approved payment of certain aspects of the administration of the *Settlement* and establishment of reserves for any *Taxes* owed by the *Settlement Fund* (the "*Net Settlement Fund*"), will be allocated to the *Plan* and then, later, to members of the *Class* according to a *Plan of*

*Allocation* to be approved by the *Court*. Allocations to *Participants* will be made into the existing *Plan* accounts of members of the *Class* who are entitled to a distribution under the *Plan of Allocation*. Those members of the *Class* who are entitled to a distribution under the *Plan of Allocation* but who no longer have *Plan* accounts will receive their allocation from the *Plan* into a new *Plan* account established for them.

All *Class Members* and anyone claiming through them are deemed to fully release the "*Released Parties*" from "*Settled Claims*". The *Released Parties* include the *Defendants* and their officers, directors, employees, attorneys, and agents. The *Settled Claims* include all claims which were or could have been asserted in the *Action*. This means that *Class Members* will not have the right to sue the *Released Parties* for anything related to the investment of *Plan* assets in *Countrywide* stock or the *Countrywide Stock Fund*, or to other alleged misconduct during the *Class Period* arising out of or relating to the allegations in the *Complaint*.

The above description of the operation of the *Settlement* is only a summary. The governing provisions are set forth in the *Settlement Agreement* (including its exhibits), copies of which may be obtained at www.Countrywide401(k)Settlement.com or by calling *Class Counsel* at (800) ____-_____ or emailing *Class Counsel* at info@Countrywide401(k)Settlement.com.

## 7. How Much Will My Distribution Be?

You are not required to submit any claim or other form to receive an allocation from this *Settlement* and you are not responsible for determining the amount you may be entitled to receive under the *Settlement*. The calculation of the amount, if any, that will be allocated to your account will be done as part of the implementation of the *Settlement*, and will be based upon records maintained by the *Plan* and/or the administrator(s) of the *Plan*. If you have questions regarding the *Settlement*, you can contact *Class Counsel* listed on page 3 above.

This *Notice* contains a unique identification number for you, which is the last _____ digits on the address page of the *Notice* appearing directly above your name and address. You will need to provide this identification number to learn your individual share of the *Net Settlement Fund*, which will not be available for several months. If you have questions regarding your individual share of the *Net Settlement Fund*, further information may be found at www._____.com or you can call the following toll-free phone number: (____) ____-_____. Please do not contact *Class Counsel* for this information. *Class Counsel* will not have this information.

Your share of the *Net Settlement Fund* will depend on your alleged "*Net Loss*" (further described below), as calculated pursuant to a Court-approved *Plan of Allocation*, resulting from the investment of your *Plan* account in the *Countrywide Stock Fund*, which invested in *Countrywide* stock, during the *Class Period*, and the aggregate amount of all such *Net Losses* of *Class Members*. Because the *Net Settlement Fund* is an amount that is less than the total *Net Losses* of the *Class*, each *Class* member's proportionate recovery will be less than his or her *Net Loss*.

In general, each *Class* member's proportionate share of the *Net Settlement Fund* will be calculated as follows:

- Using the *Plan's* records and other records as necessary, the *Plan* trustee shall identify each member of the *Class*.

Exh. 1 to Exh. A - Page 53

- A "*Net Loss*" will be calculated for each member of the Class, equal to

(a)     the sum of:

    (i)     the dollar amount of the *Participant's Plan* account balance invested in the *Countrywide Stock Fund* at the beginning of the *Class Period*; and

    (ii)     the dollar amount of investments in the *Countrywide Stock Fund* (through employee contributions, employer contributions in cash or stock or cash dividends) added to the *Participant's Plan* account during the *Class Period*;

(b)     minus the sum of:

    (iii)     the dollar amount of a *Participant's Plan* account balance invested in the *Countrywide Stock Fund* at the end of the *Class Period*; and

    (iv)     the dollar amount of all distributions and transfers of the *Countrywide Stock Fund* from a *Participant's Plan* account during the *Class Period*.

- Following all of the above calculations, the *Net Losses* of all *Class Members* will be totaled, which total shall equal the *Aggregate Net Loss* for the *Class*.  A *Net Loss* percentage will be calculated for each *Class Member*, which will equal the ratio of each *Class Member's Net Loss* to the *Aggregate Net Loss*.  Each *Class Member* will receive a share of the *Net Settlement Fund* equal to the amount of the *Net Settlement Fund* multiplied by his or her *Net Loss* percentage.

- If, based on the above calculations, the proportionate recovery of a *Class Member* is *de minimis* (*i.e.*, less than $10) and that *Class Member* no longer has a *Plan* account with a value greater than zero, that proportionate recovery shall be distributed pro rata to other *Class Members*.

| 8. | How Can I Receive My Distribution? |
|---|---|

You do <u>not</u> need to file a claim.  The *Net Settlement Fund* will be allocated to the *Plan* and then, later, to members of the *Class* according to a *Plan of Allocation* to be approved by the *Court*. Allocations to *Participants* will be made into the existing *Plan* accounts of members of the *Class* who are entitled to a distribution under the *Plan of Allocation*.  Those members of the *Class* who are entitled to a distribution under the *Plan of Allocation* but who no longer have *Plan* accounts will either receive their allocation from the *Plan* into a new *Plan* account established for them or will receive a distribution from the *Plan* of their share of the *Net Settlement Fund*.

If you are a former *Participant* and have not provided the *Plan* with your current address, please call the following toll-free phone number: (___) ____-_____.

| 9. | When Would I Receive My Distribution? |
|---|---|

Distribution of the *Net Settlement Fund* to members of the *Class* is conditioned on several matters, including the *Court's* approval of the *Settlement* and such approval becoming final and no longer subject to any appeals to any court. Any appeal of the final approval may take several years. If the *Settlement* is approved by the *Court*, and there are no appeals from such approval, it is

reasonably anticipated that the *Net Settlement Fund* will be distributed during late 2009 or early 2010.

If you have additional questions regarding the timing of the distribution of the *Net Settlement Fund*, you can contact *Class Counsel* listed on page 3 above.  Information concerning your individual share of the *Net Settlement Fund* will not be available for several months.

**There Will Be No Payments Under the Settlement If the Settlement Agreement Is Terminated.**

The *Settlement Agreement* may be terminated on several grounds, including if (1) the *Court* does not approve or materially modifies the *Settlement* or (2) either as modified by the *Court* or as a result of reversal or modification on appeal, the *Court's Final Order* in the case does not satisfy certain terms of the *Settlement*.  Should the *Settlement Agreement* be terminated, the *Settlement* will be terminated and the *Action* will proceed as if the *Settlement Agreement* had not been entered into.  If you have questions regarding the *Settlement*, you can contact *Class Counsel* listed on page 3 above.

| 10. | **Can I Get Out Of The Settlement?** |
|---|---|

You do not have the right to exclude yourself from the *Settlement*.  The *Action* was conditionally certified under Federal Rule of Civil Procedure 23(b)(1) and (2) as a non "opt-out" class action because the *Court* determined the requirements of those rules were satisfied.  Thus, it is not possible for any *Participants* or beneficiaries to exclude themselves from the benefits of the *Settlement*.  As a *Class* member, you will be bound by any judgments or orders that are entered in the *Action* for all claims that were or could have been asserted in the *Action* or are otherwise included in the release under the *Settlement*.

Although you cannot opt out of the *Settlement*, you can object to the *Settlement* and ask the *Court* not to approve it.  See Answer to Question No. 13, below.

### THE LAWYERS REPRESENTING YOU

| 11. | **Do I Have A Lawyer In The Case?** |
|---|---|

The *Court* has appointed the law firm Keller Rohrback L.L.P. as *Class Counsel* in the *Action*.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 12. | **How Will The Lawyers Be Paid?** |
|---|---|

*Class Counsel* will file a petition for the award of attorneys' fees and expenses.  This petition will be considered at the *Fairness Hearing*.  The *Defendants* have agreed not to oppose the amount of attorneys' fees, costs, expenses or any award to the *Named Plaintiff* to the extent such fees, costs, expenses and awards are consistent with the terms of the *Settlement Agreement*.  *Class Counsel* has agreed to limit application for an award of attorneys' fees to not more than 27.5% of the *Settlement Amount* and to limit reimbursement of expenses incurred in connection with the prosecution of the Action to no more than $500,000.

In addition, the *Named Plaintiff* in the *Action* will share in the allocation of the money paid to the *Plan* on the same basis and to the same extent as all other members of the *Class*, except that, in addition, the *Named Plaintiffs* may apply to the *Court* for compensation of up to $10,000. Any compensation awarded to the *Named Plaintiff* by the *Court* will be payable from the proceeds of the *Settlement*.

| **13.** | **How Do I Tell The Court If I Don't Like The Settlement?** |
| --- | --- |

If you are a *Class* member, you can tell the *Court* that you do not agree with the *Settlement* or some part of it, including the attorneys' fees and expenses the attorneys intend to seek or request for compensation to the *Named Plaintiff*. To object, you must send a letter or other written filing saying that you object to the *Settlement* in *Alvidres v. Countrywide Financial Corporation et al.*, Case No. 2:07-cv-05810-JWF-(CTx). Be sure to include your name, address, telephone number, signature, and a full explanation of all reasons you object to the *Settlement*. Your written objection must be filed with the Court by_____ ___, 2009. The *Court's* address is Clerk of the Court U.S. District Court, Central District of California, 312 N. Spring St., Los Angeles, CA 90012. Your written objection must also be mailed to the counsel listed below, **to be received by no later than 10 court days prior to the date of the Fairness Hearing:**

| PLAINTIFFS' LEAD COUNSEL | DEFENDANTS' COUNSEL |
| --- | --- |
| Keller Rohrback L.L.P.<br>Attn: Lynn Lincoln Sarko<br>     Derek W. Loeser<br>1201 Third Avenue, Ste 3200<br>Seattle, Washington  98109<br><br>Telephone:  (206) 623-1900<br>Facsimile:  (206) 623-3384<br><br>*Class Counsel* | Goodwin Procter LLP<br>Attn: Brian E. Pastuszenski<br>     James O. Fleckner<br>53 State Street<br>Exchange Place<br>Boston, MA 02109<br>Telephone:  (617) 570-1000<br>Facsimile:  (617) 523-1231<br><br>*Counsel for Countrywide and some individual defendants*<br><br>Goodwin Procter LLP<br>Attn: Michael K. Isenman<br>901 New York Avenue, NW<br>Washington, D.C. 2001<br><br>Telephone:  (202) 346-4000<br>Facsimile:  (202) 346-4444<br><br>*Counsel for Countrywide and some individual defendants* |

## THE COURT'S FAIRNESS HEARING

The *Court* will hold a hearing to decide whether to approve the *Settlement* as fair, reasonable and adequate (the "*Fairness Hearing*"). You may attend the *Fairness Hearing*, and you may ask to speak, but you do not have to attend.

Exh. 1 to Exh. A - Page 56

| 14. | **When And Where Will The Court Decide Whether To Approve The Settlement?** |
|---|---|

The *Court* will hold a *Fairness Hearing* at _____ a.m. on November __, 2009, at the United States District Court for the Central District of California, 312 N. Spring St., Los Angeles, California 900012, in Courtroom 16 (Judge John F. Walter).

IF YOU DO NOT WISH TO OBJECT TO THE PROPOSED SETTLEMENT, THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES, THE APPLICATION FOR NAMED PLAINTIFF AWARD, OR THE PLAN OF ALLOCATION, YOU NEED NOT ATTEND THE FAIRNESS HEARING.

At that hearing, the *Court* will consider whether the *Settlement* is fair, reasonable, and adequate. If there are objections, the *Court* will consider them. After the *Fairness Hearing*, the *Court* will decide whether to approve the *Settlement*. The *Court* will also rule on the petition for *Class Counsel's* attorneys' fees, costs, expenses and any award to the *Named Plaintiff*.

| 15. | **Do I Have To Come To The Fairness Hearing?** |
|---|---|

No. *Class Counsel* will answer questions the *Court* might have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to *Court* to talk about it. As long as you mailed your written objection on time, it will be before the *Court* when the *Court* considers whether to approve the *Settlement* as fair, reasonable and adequate. You also may pay your own lawyer to attend the *Fairness Hearing*, but such attendance is not necessary.

| 16. | **May I Speak At The Fairness Hearing?** |
|---|---|

If you are a *Class* member, you may ask the *Court* for permission to speak at the *Fairness Hearing*. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Alvidres v. Countrywide Financial Corporation et al.*, Case No. 2:07-cv-05810-JWF-(CTx)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be served on the attorneys and filed with the Clerk of the Court, at the address listed in the Answer to Question No. 13, **and must be received by no later than 10 court days prior to the date of the Fairness Hearing**.

### IF YOU DO NOTHING

| 17. | **What Happens If I Do Nothing At All?** |
|---|---|

If you do nothing and you are a *Settlement Class Member*, you will participate in the *Settlement* of the *Action* as described above in this *Notice* if the *Settlement* is approved.

### GETTING MORE INFORMATION

| 18. | **Are There More Details About The Settlement?** |
|---|---|

This *Notice* summarizes the proposed *Settlement*. The complete *Settlement* is set forth in the *Settlement Agreement*. You may obtain a copy of the *Settlement Agreement* at

www.Countrywide401(k)Settlmeent.com, by calling *Class Counsel* at (800) ___-____, or by emailing *Class Counsel* at info@Countrywide401(k)Settlement.com.

| **19.** | **How Do I Get More Information?** |
| --- | --- |

If you have general questions regarding the *Settlement*, you can contact *Class Counsel* listed on page 3 above or review the information contained at www. Countrywide401(k)Settlement.com.

**EXHIBIT 2**
**to**

**(PROPOSED) ORDER FOR NOTICE AND HEARING**

**(Summary Class Notice)**

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINCENT ALVIDRES, Individually and on Behalf of All Others Similarly Situated, Plaintiff, <br><br> v. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, et. al. <br><br> Defendants. | **CASE NO. 2:07-cv-05810-JFW-(CTX)** <br><br> <u>**CLASS ACTION**</u> <br><br> **The Hon. John F. Walter** |

**COURT-ORDERED LEGAL NOTICE**
**(Summary)**

YOUR LEGAL RIGHTS MAY BE AFFECTED IF YOU WERE A PARTICIPANT OR BENEFICIARY OF THE COUNTRYWIDE FINANCIAL CORPORATION 401(K) SAVINGS AND INVESTMENT PLAN (*"PLAN"*) WHOSE INDIVIDUAL *PLAN* ACCOUNT INCLUDED INVESTMENTS IN *COUNTRYWIDE* STOCK AND/OR THE *COUNTRYWIDE STOCK FUND* AT ANY TIME FROM JANUARY 31, 2006 TO JULY 1, 2008 (THE *"CLASS PERIOD"*).

PLEASE READ THIS NOTICE CAREFULLY.
THIS IS A COURT-ORDERED LEGAL NOTICE
THIS IS NOT A SOLICITATION

A settlement (the *"Settlement"*) has been preliminarily approved by the federal court in a class action lawsuit alleging breaches of fiduciary duties under the Employee Retirement Income Security Act ("ERISA") in connection with the Countrywide Financial Corporation 401(k) Savings and Investment Plan (together with any predecessor plans and any plans that have been merged into it, hereinafter defined as the *"Plan"*). This *Settlement* will provide for a payment of $55,000,000 to the *Plan* (minus *Court*-approved fees and expenses), which will then be allocated

1

to the accounts of *Plan Participants* whose accounts included investments in the *Countrywide Stock Fund* during the *Class Period* and who suffered a loss as a result of such investment.

If you are a qualified *Class Member*, you will receive such an allocation.  You do not need to send in a claim or take any other action unless you object to the *Settlement*.

The United States District Court for the Central District of California authorized this notice.

**THE COURT WILL HOLD A HEARING ON NOVEMBER _____, 2009 TO DECIDE WHETHER TO APPROVE THE SETTLEMENT.**

**Who is Included in the Settlement?**

If you are a current or former *Participant* in the *Plan* for whose individual account the *Plan* included investments in *Countrywide* stock and/or the *Countrywide Stock Fund* at any time during the period from January 31, 2006 through July 1, 2008, or you are a beneficiary, representative, or successor-in-interest of any such *Participant*, you are a member of the *Class* and your rights may be affected as a result of the *Settlement*.  The *Class* does not include *Defendants* or any *Defendant*s' *Immediate Family* except for *Defendants' Immediate Family* who themselves are or were *Plan Participants*.

**What Is This Case About?**

The *Named Plaintiff* in the case claims that the *Defendants* breached their fiduciary duties with respect to the *Plan* by continuing to allow the investment of *Participant* account balances in *Countrywide* stock and the *Countrywide Stock Fund* and by other related acts.  The *Defendants* all deny they did anything wrong.  The *Court* has not ruled in favor of either side.

**How Will the Settlement Money Be Allocated?**

If you are a *Class Member*, you may receive a share of the *Settlement* money paid into the *Plan* according to a *Court*-approved *Plan of Allocation*, if your individual *Plan* account invested

in the *Countrywide Stock Fund*, which invested in *Countrywide* stock, during the *Class Period*. Your share of the *Net Settlement Fund* will be based on your proportionate share of the losses alleged to have been suffered by the *Plan* as a result of the acquisition and holding of units of the *Countrywide Stock Fund* during the *Class Period*.  The larger your alleged loss in the *Plan* during the *Class Period* related to the value of the *Countrywide Stock Fund* held in the *Plan*, the larger your proportionate share of the recovery will be.  Some of the *Settlement* proceeds will be used to pay expenses described in the *Settlement Agreement*, which include notice and administrative expenses, *Court*-approved attorneys' fees and expenses, a *Named Plaintiff* case contribution award, taxes, and other costs related to the *Settlement Fund Administration*.

**What Fees and Expenses are Being Sought by the Attorneys?**

The lawyers who have prosecuted this case for the *Named Plaintiff* and the *Class* on a contingent fee basis will apply to the *Court* for: (i) fees of no more than 27.5% of the *Settlement* amount; (ii) reimbursement of expenses they have paid to advance the case up to $500,000; and (iii) compensation award to the *Named Plaintiff* who brought and prosecuted the action.  The actual amount of attorneys' fees, expenses and any award to the *Named Plaintiff* will be determined by the *Court*.  Members of the *Class* may object to the request for attorneys' fees, expenses and any award to the *Named Plaintiff*.

**Are There More Details to the Settlement?**

This *Notice* is just a summary.  The *Settlement* includes a number of other important details.  These include, but are not limited to, provisions relating to: (1) releases of claims against the *Defendants* by the *Class*; and (2) how the payment to the *Plan* will be allocated among members of the *Class*.

**How Do I Get More Information About the Settlement?**

If you have received in the mail a *Notice* of the *Settlement* regarding this case, you should read that document for more information.  It is more detailed than this summary notice.  Among other things, it includes a more detailed description of the terms of the *Settlement* and the *Settlement Agreement*, an explanation of the reasons for the *Settlement* and detailed instructions for filing an objection to the *Settlement* and/or to the requests for attorneys' fees, expenses and any awards to the *Named Plaintiff*.  If you did not receive a *Notice* of the *Settlement* in the mail, you may request one by calling, toll-free, [1-800-_____] or emailing *Class Counsel*  at info@Countrywide401(k)Settlement.com.  You can obtain more information about the *Settlement* as well as copies of the *Settlement Agreement* and the *Notice*, at http://www.Countrywide401(k)Settlement.com.  Capitalized and italicized terms used herein and not otherwise defined have the meanings assigned to them in the *Settlement Agreement*.

You may also contact *Class Counsel* directly for any additional information regarding the *Settlement,* this *Notice*, or the *Plan of Allocation*—by calling [1-800-_____].

**What Are My Options?**

If you are in the *Class*, you have a right to support the *Settlement* or object to the *Settlement*.  You cannot "opt out" or exclude yourself from the *Class,* but you may object to the *Settlement* (including to the *Plan of Allocation* governing the *Settlement Amount*), or to the request for attorneys' fees, costs, expenses or any awards to the *Named Plaintiff*.  If you wish to object, you must file a written objection with the *Court*, to be received no later than 10 court days prior to the date of the Fairness Hearing.  If you do not want to object to the *Settlement*, you do not have to do anything.  Important information concerning your rights to support or object to the *Settlement* is available at http://www.Countrywide401(k)Settlement.com.

**What Happens Next?**

The *Court* will hold a *Fairness Hearing* on November ___, 2009 in Los Angeles, California.  At that hearing, the *Court* will consider whether the *Settlement* is fair, reasonable, and adequate.  If there are objections, the *Court* will consider them.  To appear at the *Fairness Hearing* in person you must file a Notice of Intent to Appear with the *Court* and serve it on the *Class Counsel* and *Defendants' Counsel* as set forth more fully in the *Notice* at http://www.Countrywide401(k)Settlement.com.  After the *Fairness Hearing*, the *Court* will decide whether to approve the *Settlement*.

This *Notice* is issued under the authority of the United States District Court for the Central District of California, which is responsible for supervising any *Settlement* that might be approved by the *Court*.  If you have questions, please contact the lawyers representing the class using the website, phone number or e-mail address provided above.  PLEASE DO NOT CONTACT THE COURT.

DATED: _____, 2009

By Order of the Court

The Hon. John F. Walter, United States District Judge

**EXHIBIT B**
**to**

**STIPULATION AND AGREEMENT OF SETTLEMENT
ERISA ACTION**

**(Proposed) Final Order and Judgment**

1

2

3

4

5

6

7

8

9            **UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11             **SOUTHERN DIVISION**

12   VINCENT ALVIDRES, Individually          Case No. 07-CV-05810-JFW (CTx)
     and on Behalf of All Others Similarly
13   Situated,
                                             **[PROPOSED] FINAL ORDER**
14            Plaintiff,                      **AND JUDGMENT**

15       v.
                                             Judge:      **HON. JOHN F. WALTER**
16   COUNTRYWIDE FINANCIAL
     CORPORATION, et. al.,
17

18            Defendants.

19

20

21

22

23

24

25

26

27

28

1

# [PROPOSED] FINAL ORDER AND JUDGMENT

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("*ERISA*"), with respect to the Countrywide Financial Corporation 401(k) Savings and Investment Plan as amended and restated effective December 31, 2008, and any successor plans and trusts created under the foregoing plans (the "*Plan*").[1]

This matter came before the Court for a hearing pursuant to the Order of this Court entered on _____, 2009, on the application of the *Parties* for approval of the *Settlement* set forth in the Stipulation and Agreement of Settlement (the "*Settlement Agreement*"), executed on August 5, 2009 and filed with the Court on August 5, 2009.  The Court has received declarations attesting to the mailing of the *Notice* and publication of the *Publication Notice* in accordance with the *Preliminary Approval Order*.

Due and adequate notice having been given to the *Class* as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      This Court has jurisdiction over the subject matter of this Action and over all *Parties* to the Action, including all members of the *Class*.

2.      On _____, more than _____ copies of the *Notice* were mailed to *Class members*.

3.      On _____, a copy of the *Publication Notice* was published in _____ in accordance with the *Settlement Agreement* and the Court's *Preliminary Approval Order*.

---

[1]     Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the *Settlement Agreement* and *Preliminary Approval Order*.

2

4.    In accordance with the Court's *Preliminary Approval Order*, the *Notice* and *Settlement Agreement* were posted on www.Countrywide401(k)Settlement.com.

5.    The *Notice* and the *Publication Notice* fully informed *Class* members of their rights with respect to the *Settlement*, including the right to object to the *Settlement* or the application for an award of attorneys' fees and reimbursement of expenses.

6.    The *Notice* and *Publication Notice* collectively met the statutory requirements of notice under the circumstances, including the individual notice to all members of the *Class* who could be identified through reasonable effort, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process.

7.    The Action and all claims contained therein, as well as all of the *Settled Claims*, are dismissed with prejudice as to the *Named Plaintiff*, the *Class* members, and the *Plan*, and as against the *Released Parties*.  The *Parties* are to bear their own costs, except as otherwise provided in the *Settlement Agreement*.

8.    The Court finds that the *Settlement* is fair, just, reasonable, and adequate as to each member of the *Class*, and that the *Settlement Agreement*, and the *Settlement* contained therein, is hereby finally approved in all respects, and the *Parties* are hereby directed to implement the *Settlement* in accordance with its terms and conditions.

9.    The *Named Plaintiff*, on behalf of himself, the *Plan* and the *Class*, is deemed to have, and by operation of this Order and Judgment shall have, absolutely and unconditionally released and forever discharged the *Released Parties* from the *Settled Claims*.

10.    All members of the *Class* are hereby forever barred and enjoined from prosecuting the *Settled Claims* against the *Released Parties*.  As set forth in Paragraph 1.41 of the *Settlement Agreement*, the *Settled Claims* shall be: any and all claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or

consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature (collectively, "*Claims*"), including both *Claims* and *Unknown Claims* against any of the *Released Parties* (i) asserted or that could have been asserted in this Action, (ii) that would have been barred by *res judicata* had this Action been fully litigated to a final judgment, or (iii) that relate to any investment in *Countrywide* stock or the *Countrywide Stock Fund* in the *Plan* or by any *Plan Participant* through the *Plan.* Notwithstanding the foregoing, "*Settled Claims*" does not include any claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorney's fees, expert or consulting fees and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known *Claims* and *Unknown Claims*, against any of the *Released Parties* related to the enforcement of the *Settlement*, claims asserted in the *Securities Actions* or *Derivative Actions* to the extent such claims were not brought under or pursuant to ERISA, claims for individual or vested welfare benefits under ERISA Section 502(a)(1)(B) unrelated to *Plan* investments or investment options, claims involving Bank of America stock, or claims involving any ERISA plan other than the *Plan*.

11.   Each of the *Defendants*, by operation of this Order and Judgment, absolutely and unconditionally releases and forever discharges the *Named Plaintiff*, the *Class*, and *Class Counsel* from any and all claims relating to, or in connection with the institution or prosecution of this Action or the *Settlement* of any *Settled Claim*.

12.     *The Plan of Allocation* is approved as fair and reasonable.  *Class Counsel* and *Countrywide* are directed to administer the *Settlement* in accordance with its terms and provisions.  Any modification or change in the *Plan of Allocation* that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13.     *Class Counsel* is hereby awarded attorneys' fees in the amount of ___% of the *Settlement Fund*, which the Court finds to be fair and reasonable, and $_____ in reimbursement of *Class Counsel's* reasonable expenses incurred in prosecuting the Action.  The attorneys' fees and expenses so awarded shall be paid from the *Gross Settlement Fund* pursuant to the terms of the *Settlement Agreement*, as provided in the *Settlement Agreement*, with interest on such amounts from the date the *Settlement Fund* was funded to the date of payment at the same net rate that the *Gross Settlement Fund* earns.  All fees and expenses paid to *Class Counsel* shall be paid pursuant to the timing requirements described in the *Settlement Agreement*.

14.     The *Named Plaintiff* is hereby awarded an incentive award in the amount of: $_____.

15.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the *Settlement Fund*, and the compensation awards to the *Named Plaintiff*, the Court has considered and found that:

> a)     The *Settlement* achieved as a result of the efforts of *Class Counsel* has created a fund of $55,000,000 in cash that is already on deposit, plus interest thereon, and will benefit thousands of *Class* members;
>
> b)     *Class Counsel* have conducted the litigation and achieved the *Settlement* with skill, perseverance, and diligent advocacy;
>
> c)     The Action involves complex factual and legal issues prosecuted over several years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and

Exh. B - Page 70

legal issues;

d)      Had *Class Counsel* not achieved the *Settlement*, there would remain a significant risk that the *Named Plaintiff* and the *Class* may have recovered less or nothing from the *Defendants*;

e)      The amount of attorneys' fees awarded and expenses reimbursed from the *Settlement Fund* are consistent with awards in similar cases; and

f)      The *Named Plaintiff* rendered valuable service to the *Plan* and to all *Plan Participants*.  Without this participation, there would have been no case and no settlement.

16.    Neither the *Settlement Agreement* nor the terms of the *Settlement Agreement* shall be offered or received into any action or proceeding for any purposes, except (i) in an action or proceeding arising under the *Settlement Agreement* or arising out of or relating to the *Preliminary Approval Order* or the *Final Order*, or (ii) in any action or proceeding where the releases provided pursuant to this *Settlement Agreement* may serve as a bar to recovery, or (iii) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the *Settlement* and defense of the Action.

17.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the *Settlement* and any award or distribution of the *Settlement Fund*, including interest earned thereon; (b) disposition of the *Settlement Fund*; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all *Parties* hereto for the purpose of construing, enforcing and administering the *Settlement*.

18.    The Court finds that during the course of the litigation, the *Named Plaintiff* and the *Defendants* and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19.     This Order and Judgment shall not be considered or used as an admission, concession, or declaration by or against *Defendants* of any fault, wrongdoing, breach or liability.

20.     In the event that the *Settlement* does not become effective in accordance with the terms of the *Settlement Agreement* or in the event that the *Gross Settlement Fund*, or any portion thereof, is returned to the *Defendants* or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the *Settlement Agreement* and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the *Settlement Agreement*.

21.     Final Judgment shall be entered herein.

SO ORDERED this _____ day of _____, 2009.


_____
JUDGE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

7                                              Exh. B - Page 72

**EXHIBIT C**
to

**STIPULATION AND AGREEMENT OF SETTLEMENT
ERISA ACTION**

**(Proposed) Plan of Allocation**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINCENT ALVIDRES, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et. al.<br><br>               Defendants. | **CASE NO. 2:07-cv-05810-JFW-(CTx)**<br><br>**<u>CLASS ACTION</u>**<br><br>**[PROPOSED] PLAN OF ALLOCATION**<br><br><br>**BEFORE THE HON. JOHN F. WALTER** |

1.    Except as indicated in this "*Plan of Allocation*" the capitalized terms used herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement –ERISA Action, dated August 5, 2009 (the "*Stipulation*").

2.    Pursuant to Section 3.4 of the *Stipulation,* following the *Effective Date,* the *Net Settlement Fund* shall be transferred by the *Custodian* to the *Plan* for distribution to or for the benefit of the *Class*.  Such disbursement shall be in accordance with wire transfer instructions to be provided by *Countrywide* or the *Plan* trustee.  *Defendants* shall then direct *Countrywide*, the *Plan* trustee, or any

authorized entity under the *Plan* (an "*Authorized Administrator*"), to allocate the *Net Settlement Fund* received by the *Plan* to the *Class* according to the allocation and calculation methods described herein.   Prior to allocation, the *Plan* shall invest the *Net Settlement Fund* in accordance with *Plan* procedures in effect at the time.

3.   For each *Class Member* who is a current *Participant* in the *Plan* ("*Active Participant*"), as promptly as practical after deposit of the *Net Settlement Fund* into the *Plan,* an *Authorized Administrator* shall allocate into each *Active Participant's* account his or her "*Final Individual Dollar Recovery,*" as calculated below.   Each *Active Participant's Final Individual Dollar Recovery* shall be allocated in accordance with *Plan* procedures (including investment selection procedures) in effect at the time of allocation and treated thereafter for all purposes under the *Plan* as assets of the *Plan* properly credited to that *Active Participant's* account.

4.   For each *Class Member* who is no longer a *Participant* in the *Plan* because he or she withdrew from the *Plan* before the distribution of the *Net Settlement Fund* was effectuated ("*Inactive Participant*"), as promptly as possible after deposit of the *Net Settlement Fund* into the *Plan,* an *Authorized Administrator* shall calculate for each *Inactive Participant* his or her *Final Individual Dollar Recovery*, as calculated below.   For each *Inactive Participant* whose *Final Individual Dollar Recovery* exceeds the limit set forth in the *Plan* for mandatory payment of small accounts, his or her *Final Individual Dollar Recovery* shall be deposited into a new account established for that *Inactive Participant,* allocated in accordance with *Plan* procedures (including investment selection procedures) in effect at the time of allocation and treated thereafter for all purposes under the *Plan* as assets of the *Plan* properly credited to that *Inactive Participant's* account.   For each *Inactive Participant* whose *Final Individual*

*Dollar Recovery* is at or below the limit set forth in the *Plan* for mandatory payment of small accounts, his or her *Final Individual Dollar Recovery* shall be distributed in accordance with *Plan* procedures in effect at the time of allocation. Each *Inactive Participant* will be notified of the new account or mandatory payment as promptly as possible after deposit of the *Net Settlement Fund* into the *Plan*.

      5.    As soon as administratively feasible after the *Judgment* becomes *Final*, an *Authorized Administrator* shall calculate the share of the *Net Settlement Fund* for each *Class Member* (the *Class Members'* "*Net Loss*") according to the following methodology:

      (a)    The sum of:

            (i)    The dollar amount of the *Participant's* individual *Plan* account balance invested in the *Countrywide Stock Fund* at the close of business on the first day of the *Class Period*; and

            (ii)    The dollar amount of investments in units in the *Countrywide Stock Fund* (through employee contributions, employer contributions in cash or stock or cash dividends) added to the *Participant's* individual *Plan* account during the *Class Period*, valued as of the time of each such investment as reflected in the records of the *Plan*;

      (b)    Minus the sum of:

            (i)    The dollar amount of the *Participant's* individual *Plan* account balance invested in the *Countrywide Stock Fund* at the close of business on June 30, 2008; and

            (ii)    The dollar amount of all dispositions of any nature whatsoever of units in the *Countrywide Stock Fund* from the *Participant's* individual *Plan* account during the *Class Period*, valued as of

the time of the disposition, as reflected in the records of the *Plan*.

6.     The *Net Loss* of each *Class Member* as calculated in Section 5 above will be totaled to yield the alleged loss of the *Plan* as a whole during the *Class Period* (the "*Preliminary Aggregate Net Loss*").

7.     An *Authorized Administrator* shall calculate for each *Class Member* his or her alleged "*Preliminary Net Loss Percentage*" by dividing each *Class Member's Net Loss* by the *Preliminary Aggregate Net Loss.*

8.     An *Authorized Administrator* shall then calculate for each *Class Member* his or her "*Preliminary Individual Dollar Recovery*" by multiplying each *Class Member's Preliminary Net Loss Percentage* by the *Net Settlement Fund*.

9.     An *Authorized Administrator* shall identify all *Inactive Participants* whose *Preliminary Individual Dollar Recovery* is less than or equal to ten dollars ($10.00) (the "*De Minimis Amount*").     All *Inactive Participants* whose *Preliminary Individual Dollar Recovery* is less than or equal to the *De Minimis Amount* (the "*De Minimis Class Members*") shall be deemed to have a *Final Individual Dollar Recovery* of zero.  The aggregate *Net Loss* of the *De Minimis Class Members* shall be subtracted from the *Preliminary Aggregate Net Loss* to yield a final aggregate *Net Loss* (the "*Final Aggregate Net Loss*").

10.     An *Authorized Administrator* shall then recalculate the *Net Loss Percentages* of *Class Members* who are not *De Minimis Class Members* (the "*Non-De Minimis Class Members*"), so as to determine each *Non-De Minimis Class Member's Final Individual Dollar Recovery* so that the entire balance of the *Net Settlement Fund* is distributed to qualified *Class Members* as follows:

(i) Dividing each *Non-De Minimis Class Member's Net Loss* by the *Final Aggregate Net Loss* to calculate what percentage of the *Final Aggregate Net Loss* is attributable to each *Non-De*

Exh. C - Page 77

*Minimis Class Member* (that *Non-De Minimis Class Member's* "*Final Net Loss Percentage*"); and

(ii) Multiplying the *Net Settlement Fund* by each *Non-De Minimis Class Member's Final Net Loss Percentage* to determine each *Non-De Minimis Class Member's Final Individual Dollar Recovery*.

The sum of all of the *Final Individual Dollar Recoveries* must equal the *Net Settlement Fund*.

11.   If any *Non-De Minimis Class Member* cannot be located despite reasonable efforts, such *Class Member's Final Individual Dollar Recovery* shall be administered in accordance with the existing procedures of the relevant *Plan* regarding unlocatable *Participants*.   If any *Non-De Minimis Class Member* is deceased, such *Class Member's Final Individual Dollar Recovery* shall be administered in accordance with the existing procedures of the *Plan* regarding deceased participants.

12.   In light of the manner in which the *Plan* data are kept and the efficacy with which the *Plan* data can be used to locate *Class Members* and to allocate each *Class Member's Final Individual Dollar Recovery*, it may be appropriate to modify some of the features of the calculations set forth herein.   Such modifications shall be acceptable as long as each *Class Member* is allocated his or her share of the *Net Settlement Fund* based approximately on the decline in the value of units of the *Countrywide Stock Fund* that he or she held over the *Class Period* as a proportion of the decline in the value of units of the *Countrywide Stock Fund* held by all *Class Members*.

13.   Fifteen (15) days prior to the allocation to *Class Members*, an *Authorized Administrator* shall provide *Defendants' Counsel* and *Class Counsel* the methodology used in calculating losses as described herein (or otherwise

modified) as well as a sampling of the summaries, compilations, calculations, or tabulations of the claims and amounts described herein, including a complete listing setting out the amount of allocations to each *Class Member*.

14.    The *Court* will retain jurisdiction of the *Plan of Allocation* to the extent necessary to ensure that it is fully and fairly implemented.

SO ORDERED this _____ day of _____, 2009.


_____
JUDGE JOHN F. WALTER
CHIEF UNITED STATES DISTRICT JUDGE