1
2
3
4
5                                                              JS-6
6
7
8
9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**
11                   **SOUTHERN DIVISION**
12
13
14

| | |
|---|---|
| VINCENT ALVIDRES, Individually and on Behalf of All Others Similarly Situated, | Case No. 07-CV-05810-JFW (CTx) |
| Plaintiff, | **FINAL ORDER** |
| | **AND JUDGMENT** |
| v. | |
| COUNTRYWIDE FINANCIAL CORPORATION, et. al., | Judge:   **HON. JOHN F. WALTER** |
| Defendants. | |

23
24
25
26
27                                     1
28

## [PROPOSED] FINAL ORDER AND JUDGMENT

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("*ERISA*"), with respect to the Countrywide Financial Corporation 401(k) Savings and Investment Plan as amended and restated effective December 31, 2008, and any successor plans and trusts created under the foregoing plans (the "*Plan*").[1]

This matter came before the Court for a hearing pursuant to the Order of this Court entered on September 1, 2009, on the application of the *Parties* for approval of the *Settlement* set forth in the Stipulation and Agreement of Settlement (the "*Settlement Agreement*"), executed on August 5, 2009 and filed with the Court on August 5, 2009.  The Court has received declarations attesting to the mailing of the *Notice* and publication of the *Publication Notice* in accordance with the *Preliminary Approval Order*.

Due and adequate notice having been given to the *Class* as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     This Court has jurisdiction over the subject matter of this Action and over all *Parties* to the Action, including all members of the *Class*.

2.     On September 23, 2009, 47,272 copies of the *Notice* were mailed to *Class members*.

3.     On September 24, 2009, a copy of the *Publication Notice* was published in *USA Today* in accordance with the *Settlement Agreement* and the Court's *Preliminary Approval Order*.

---

[1]    Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the *Settlement Agreement* and *Preliminary Approval Order*.

4.      In accordance with the Court's *Preliminary Approval Order*, the *Notice* and *Settlement Agreement* were posted on www.Countrywide401(k)Settlement.com.

5.      The *Notice* and the *Publication Notice* fully informed *Class* members of their rights with respect to the *Settlement*, including the right to object to the *Settlement* or the application for an award of attorneys' fees and reimbursement of expenses.

6.      The *Notice* and *Publication Notice* collectively met the statutory requirements of notice under the circumstances, including the individual notice to all members of the *Class* who could be identified through reasonable effort, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process.

7.      The Action and all claims contained therein, as well as all of the *Settled Claims*, are dismissed with prejudice as to the *Named Plaintiff*, the *Class* members, and the *Plan*, and as against the *Released Parties*.  The *Parties* are to bear their own costs, except as otherwise provided in the *Settlement Agreement*.

8.      The Court finds that the *Settlement* is fair, just, reasonable, and adequate as to each member of the *Class*, and that the *Settlement Agreement*, and the *Settlement* contained therein, is hereby finally approved in all respects, and the *Parties* are hereby directed to implement the *Settlement* in accordance with its terms and conditions.

9.      The *Named Plaintiff*, on behalf of himself, the *Plan* and the *Class*, is deemed to have, and by operation of this Order and Judgment shall have, absolutely and unconditionally released and forever discharged the *Released Parties* from the *Settled Claims*.

10.     All members of the *Class* are hereby forever barred and enjoined from prosecuting the *Settled Claims* against the *Released Parties*.  As set forth in Paragraph 1.41 of the *Settlement Agreement*, the *Settled Claims* shall be: any and all

claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature (collectively, "*Claims*"), including both *Claims* and *Unknown Claims* against any of the *Released Parties* (i) asserted or that could have been asserted in this Action, (ii) that would have been barred by *res judicata* had this Action been fully litigated to a final judgment, or (iii) that relate to any investment in *Countrywide* stock or the *Countrywide Stock Fund* in the *Plan* or by any *Plan Participant* through the *Plan.* Notwithstanding the foregoing, "*Settled Claims"* does not include any claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorney's fees, expert or consulting fees and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known *Claims* and *Unknown Claims*, against any of the *Released Parties* related to the enforcement of the *Settlement*, claims asserted in the *Securities Actions* or *Derivative Actions* to the extent such claims were not brought under or pursuant to ERISA, claims for individual or vested welfare benefits under ERISA Section 502(a)(1)(B) unrelated to *Plan* investments or investment options, claims involving Bank of America stock, or claims involving any ERISA plan other than the *Plan*.

11.     Each of the *Defendants*, by operation of this Order and Judgment, absolutely and unconditionally releases and forever discharges the *Named Plaintiff*,

the *Class*, and *Class Counsel* from any and all claims relating to, or in connection with the institution or prosecution of this Action or the *Settlement* of any *Settled Claim*.

12.    *The Plan of Allocation* is approved as fair and reasonable.  *Class Counsel* and *Countrywide* are directed to administer the *Settlement* in accordance with its terms and provisions.  Any modification or change in the *Plan of Allocation* that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13.    *Class Counsel* is hereby awarded attorneys' fees in the amount of 20% of the *Settlement Fund*, which the Court finds to be fair and reasonable, and $255,420.04 in reimbursement of *Class Counsel's* reasonable expenses incurred in prosecuting the Action.  The attorneys' fees and expenses so awarded shall be paid from the *Gross Settlement Fund* pursuant to the terms of the *Settlement Agreement*, as provided in the *Settlement Agreement*, with interest on such amounts from the date the *Settlement Fund* was funded to the date of payment at the same net rate that the *Gross Settlement Fund* earns.  All fees and expenses paid to *Class Counsel* shall be paid pursuant to the timing requirements described in the *Settlement Agreement*.

14.    The *Named Plaintiff* is hereby awarded an incentive award in the amount of: $10,000.

15.    In making this award of attorneys' fees and reimbursement of expenses to be paid from the *Settlement Fund*, and the compensation awards to the *Named Plaintiff*, the Court has considered and found that:

        a)    The *Settlement* achieved as a result of the efforts of *Class Counsel* has created a fund of $55,000,000 in cash that is already on deposit, plus interest thereon, and will benefit thousands of *Class* members;

        b)    *Class Counsel* have conducted the litigation and achieved the *Settlement* with skill, perseverance, and diligent advocacy;

c)      The Action involves complex factual and legal issues prosecuted over several years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

d)      Had *Class Counsel* not achieved the *Settlement*, there would remain a significant risk that the *Named Plaintiff* and the *Class* may have recovered less or nothing from the *Defendants*;

e)      The amount of attorneys' fees awarded and expenses reimbursed from the *Settlement Fund* are consistent with awards in similar cases; and

f)      The *Named Plaintiff* rendered valuable service to the *Plan* and to all *Plan Participants*.  Without this participation, there would have been no case and no settlement.

16.    Neither the *Settlement Agreement* nor the terms of the *Settlement Agreement* shall be offered or received into any action or proceeding for any purposes, except (i) in an action or proceeding arising under the *Settlement Agreement* or arising out of or relating to the *Preliminary Approval Order* or the *Final Order*, or (ii) in any action or proceeding where the releases provided pursuant to this *Settlement Agreement* may serve as a bar to recovery, or (iii) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the *Settlement* and defense of the Action.

17.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the *Settlement* and any award or distribution of the *Settlement Fund*, including interest earned thereon; (b) disposition of the *Settlement Fund*; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d)

6

all *Parties* hereto for the purpose of construing, enforcing and administering the *Settlement*.

18.     The Court finds that during the course of the litigation, the *Named Plaintiff* and the *Defendants* and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19.     This Order and Judgment shall not be considered or used as an admission, concession, or declaration by or against *Defendants* of any fault, wrongdoing, breach or liability.

20.     In the event that the *Settlement* does not become effective in accordance with the terms of the *Settlement Agreement* or in the event that the *Gross Settlement Fund*, or any portion thereof, is returned to the *Defendants* or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the *Settlement Agreement* and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the *Settlement Agreement*.

21.     Final Judgment shall be entered herein.


SO ORDERED this 16th day of November, 2009.


_____
JUDGE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE